IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

MASTEROBJECTS, INC.,

    Plaintiff,

vs.

AMAZON.COM, INC.,

    Defendant.

_____/

Case No. 5:20-cv-08103-WHA (KAW)

**ORDER OF SPECIAL MASTER:
(1) GRANTING IN PART MOTION TO COMPEL FURTHER RESPONSE TO INTERROGATORIES (DKT. NO. 165);
(2) GRANTING MOTION TO COMPEL LICENSING COMMUNICATIONS (DKT. NO. 166);
(3) GRANTING MOTION TO COMPEL DOCUMENTS FROM RELATED CASES (DKT. NO. 167);
(4) GRANTING MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG (DKT. NO. 168);
(5) WITHDRAWING MOTION TO SEAL (DKT. NO. 169);
(6) DENYING MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORIES (DKT. NO. 171);
(7) GRANTING MOTION TO SEAL (DKT. NO. 170).**

Pursuant to the Case Management Order in this matter, as amended, the last day to file fact discovery motions was November 9, 2021. On November 8, the parties filed five such motions by letter brief, and two related motions to seal. On November 17, 2021, pursuant to stipulation, the Court appointed the undersigned to hear and decide discovery disputes. A hearing was held on these motions on December 1, 2021.

**Dkt. No. 165.**     **MasterObjects Interrogatory No. 16**

In this interrogatory, MasterObjects asked Amazon to identify any non-infringing alternatives that may exist for the asserted claims and to "identify in detail" every reason why the identified alternative is acceptable and non-infringing. Amazon answered the first question but claims that it is unable to answer the second at this time because it remains uncertain as to the exact nature of plaintiff's infringement contentions. Amazon's objection is commonly asserted early in discovery, particularly in cases where a definitive claim construction is anticipated before discovery closes. Frequently, courts are willing to postpone further answers until later in discovery.

The problem here is that fact discovery in this case closes in three weeks. In addition, Judge Alsup has expressly refused to stay or modify the discovery deadlines. (Order, Dkt. No. 164.) Finally, there will be no definitive claim construction before trial. Thus, Amazon is seeking to turn a timing objection into a permanent refusal to answer.

Amazon apparently had sufficient information to identify previous versions of its software as non-infringing alternatives; it is not too much to ask it to identify those versions specifically and to state its view of the differences between those versions and its accused software, and why those differences support an argument that each of the earlier versions is an acceptable non-infringing alternative.

Amazon also identified its "accused instrumentalities" as a possible non-infringing alternative because it is, in Amazon's view, not infringing. Although this seems logically impossible, Plaintiff did not object to this answer. Nevertheless, further discovery of why the accused device does not infringe seems outside the scope of this particular interrogatory and no further discovery will be required on this limited point.

MasterObjects' motion to compel further response to Interrogatory No. 16 is GRANTED IN PART. On or before COB on December 15, 2021, Amazon shall (1) identify each previous version of its software it contends to be a non-infringing alternative with specificity (e.g., version number or name) and (2) explain in detail the differences between each previous version and the accused software that supports an assertion that the previous version is an acceptable non-infringing alternative.

**Dkt. No. 166.**     **Motion to Compel Licensing Communications**

Amazon moves to compel further production of documents in response to its Requests No. 81 concerning "licenses granted, proposed or considered, including drafts thereof" and No. 85 concerning the commercialization of any "MasterObjects Practicing Instrumentality."

"Practicing Instrumentality" is a term defined to mean any MasterObjects "system, method or technology" that practices any asserted patent claim. Plaintiff responds that it has produced all relevant signed licenses and that any further production would be unduly burdensome. Plaintiff offers to submit a selection of license exchanges for *in camera* review, a request the undersigned respectfully declines.

On December 2, 2021, after the hearing, Amazon, without seeking leave, sought to add further Requests for Production to its motion, claiming, among other reasons, that page limitations had precluded it from including addition broader requests in its original motion. In general, the undersigned will not consider unrequested post-hearing filings. I will note however, that other Amazon motions considered in this order included many more document requests, and that, while there was a page limit on letter briefs, there was no limit on the number of motions that could have been filed by the deadline.

Given the narrow scope of the two requests at issue in this motion, it is difficult to see how a more complete production would be burdensome and Plaintiff offers no evidence to support its assertion. Licenses for patents in suit, related applications, and patented products are often offered in evidence in patent litigation, thus discovery on these subjects should be expected.

The motion to compel is GRANTED. On or before COB on December 15, 2021, Plaintiff shall comply with both requests by producing all responsive documents it in possession, custody, or control.

**Dkt. No. 167.     Motion to Compel Documents from Related Cases**

Amazon moves to compel further production of documents from related litigation in response to its Requests 55, 56, 68, 74, 112 and 113. Amazon agreed that Plaintiff need not produce publicly available information and it has limited its requests to cover only "past interrogatory and RFA responses, claim charts, infringement and invalidity contentions and other Patent Local Rule disclosures, expert reports, MasterObjects privilege logs, technical tutorials, demonstratives, document production cover letters, hearing transcripts, unproduced transcripts of MasterObjects — aligned or neutral witnesses, and any under seal filings."

Plaintiff responds that the requested documents are irrelevant and that they are likely to contain third-party confidential information subject to pre-existing confidentiality orders and agreements.

Related litigation tends to be highly relevant to issues of validity, infringement, and damages in patent litigation. In its Amended Complaint in this case, MasterObjects details its previous litigation successes. (*See e.g.*, Paragraphs 15, 41, 91 and 108.) Having put this history into issue, Plaintiff cannot credibly challenge discovery on these cases as irrelevant.

There is no actual evidence before me of concerns from third parties regarding confidential information. Plaintiff asserts that it has taken the steps it is required to take to put the relevant parties on notice. No objection or request for protective order has been filed. In any

event, confidentiality concerns, if any, can be addressed under the terms of the Protective Order in this case.

Amazon's Motion to Compel is GRANTED. On or before COB on December 15, 2021, Plaintiff shall produce the documents listed above that are within its possession, custody, or control.

**Dkt. No. 168.        Motion to Compel Prosecution Bar Materials**

Amazon moves to compel production of a privilege log of all "prosecution and litigation — related communications" between Plaintiff's trial counsel and Plaintiff and all communications between trial counsel and MaterObjects' patent prosecution attorneys. Plaintiff opposes the motion and seeks sanctions.

Amazon claims to be concerned that Plaintiff's trial counsel has violated the terms of the Model Protective Order which contains a prosecution bar. In general, a prosecution bar prohibits any attorney who has had access to a third party's confidential information from using that information to influence the scope of her client's patent claims. As part of the meet and confer process, Plaintiff produced a partial privilege log. The log did not allay Defendant's concerns. Rather, Defendant argues that entries in the partial log compel a broader investigation. In this motion, Amazon limits its request to a more complete privilege log, but it notes that once it reviews the new log it may seek *in camera* review of particular documents.

MasterObjects responds that the allegations are unfounded and frivolous. In support of its position, Plaintiff offered *in camera* review of all the documents on its 15-page log. The undersigned accepted that offer and reviewed the documents before the hearing.

Amazon's allegations are speculative and unfounded. The log entries on which it relies are subject to an innocent interpretation. In fact, the actual documents demonstrate that all participants in the communications were aware of the prosecution bar and took careful steps to comply with it. The best that can be said about Amazon's professed "concern" is that it is based on an overly broad and mistaken reading of the rule which, if adopted, would prevent all communication between litigation and prosecution counsel and most communication between litigation counsel and clients.

Nevertheless, although its reasons may be misguided, Amazon is entitled to the privilege log it seeks. The rule is simple and absolute, if a relevant document is withheld from production on the ground of privilege, a log must be produced to disclose the existence of the document. Judge Alsup expressly reminded the parties of this requirement in a Hearing on March 25, 2021. (Transcript 27:9-15.)

Given the amount of prior litigation concerning these patents, the burden of producing a complete privilege log may be substantial. And, given the facts of this case, that burden is likely asymmetrical. The record reflects good faith efforts by both sides to limit burden, resolve disputes and devote efforts to projects likely to be relevant at trial. I encourage the parties to

4

continue to discuss whether it makes sense to impose this burden given my views on the evidence presented to date.

Nevertheless, the Motion to Compel is GRANTED. On or before COB on December 24, 2021, Plaintiff is required to produce a complete log of all documents described in Amazon's motion, as set out above.

Amazon is reminded that the last day to file fact discovery motions in this case was November 9, 2021. As previously noted, Judge Alsup has expressly ordered that the discovery cut-off be maintained. Nothing in this Order should be construed as leave to file any follow-on motion.

Plaintiff's Counter-motion for Sanctions is DENIED WITHOUT PREJUDICE for failure to comply with Local Rule 7-8.

**Dkt. No. 169.        Motion to Seal Docket 168**

At the Hearing, on the record, Plaintiff withdrew its motion to seal both the Letter Brief and the attached Exhibit. Consequently, the Letter Brief and its Exhibit, Docket No. 168 should be filed in the public record.

**Dkt. No. 171.        Motion to Compel Further Answers to MasterObjects' Interrogatories 4-9**

Plaintiff served Interrogatories seeking to discover how Amazon's Instant Search system works. Amazon responded, pursuant to FRCP 33(d) by designating software programs, code and related documents. Plaintiff argues that only a written description of how the system works will be helpful at trial and that Amazon is in the best position to provide that description.

Software cases are difficult. Plaintiffs may be required to spend hundreds of hours studying defendants' programs trying to achieve an understanding of the result of years of software development and evolution. It would be so much easier, plaintiffs argue, if a defendant could be required to explain it, even at the highest level.

Despite appreciating the reasons why plaintiffs make these requests, courts have been consistently unwilling to grant them. Plaintiffs who initiate litigation must prove their allegations; defendants cannot be compelled to do the work for them. *See Apple Inc. v Samsung Elecs. Co., Ltd.*, No. 12-CV-0630 LHK (PSG), 2013 WL 1563253, at *1 (N.D. Cal. Apr. 12, 2013) and *Digital Reg of Texas, LLC v Adobe Sys. Inc.*, No. CV 12-01971, 2013 WL 3361241, at *5 (N.D. Cal. July 3, 2013.)

Plaintiff's motion to compel further answers to these interrogatories is DENIED.

**Dkt. No. 170.        Motion to Seal Docket No. 171**

The Administrative Motion to Seal is GRANTED. The material cited is clearly confidential and there is no interest in sharing it with the public. The following portions of

5

Exhibit A to the Letter Brief (Dkt. No. 171) should be sealed. [Page number citations are to the interrogatory response's original paginations, not to ECF or PDF page numbers.]

| | |
|---|---|
| Exhibit A | Page 5, lines 19-20. |
| Exhibit A | Page 6, lines 20-21 |
| Exhibit A | Page 7, lines 22-23 |
| Exhibit A | Page 8, lines 22-23 |
| Exhibit A | Page 9, lines 20-21 |
| Exhibit A | Page 11, lines 3-4 |

**SO ORDERED**

Dated:  December 3, 2021.

_Harold J. McElhinny_
Harold J. McElhinny
Special Master