United States District Court
Northern District of California

1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7
8          NORTHERN DISTRICT OF CALIFORNIA
9
10   MASTEROBJECTS, INC.,
11              Plaintiff,                    No.  C 20-08103 WHA
12        v.
13   AMAZON.COM, INC,                         **ORDER RE MOTION TO STRIKE
14              Defendant.                    PATENT INFRINGEMENT
                                              CONTENTIONS**
15   _____
16
17                          **INTRODUCTION**
18        In this patent infringement action, defendant moves to strike patent owner's infringement
19   contentions for failure to comply with Patent Local Rule 3-1.  For the reasons stated below,
20   defendant's motion to strike is **GRANTED IN PART**.
21                          **STATEMENT**
22        A previous order describes our facts (Dkt. No. 159).  Patent owner MasterObjects, Inc.
23   brought this patent infringement action against defendant Amazon.com, Inc. in May 2020 in
24   the United States District Court for the Southern District of New York.  The patents concern
25   asynchronous communication technology that allows search engines to suggest search terms
26   based on the characters a user types into the search bar (Sec. Amd. Compl. ¶ 8–11).
27        On July 8, 2020, MasterObjects served its first set of infringement contentions.  Amazon
28   then produced an initial batch of technical documents and source code in September.  The

action then shifted to our district in November where, unlike the Southern District of New York, we have specific local rules that structure patent litigation (Dkt. No. 83).

On April 8, 2021, MasterObjects served amended infringement contentions.  At this time, the parties squabbled over their respective discovery obligations.  According to MasterObjects, Amazon's document productions were "fully scrambled" and contained no file structure, stymying MasterObjects' ability to engage in a proper source code review (Hosie Decl. Exh. A).  On the other hand, Amazon pressed the inadequacy of MasterObjects' infringement contentions.  The parties stipulated to a solution:  Amazon committed to a curative document production that would be completed by September 17, 2021; MasterObjects committed to revising its infringement contentions five weeks later, by October 22, 2021.  An order herein adopted the parties' stipulation (Dkt. No. 156).

Amazon now moves to strike claim 13 of U.S. Patent No. 9,760,628 for failure to comply with Patent Local Rule 3-1(c).  This order follows full briefing and argument held telephonically due to the COVID-19 pandemic.

**ANALYSIS**

Patent Local Rule 3-1 sets forth the requirements in our district for disclosing asserted claims and preliminary infringement contentions.  Patent Local Rule 3-1(c) requires:  "A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function."

"Patent Local Rule 3 requires patent disclosures early in a case and streamlines discovery by replacing the series of interrogatories that parties would likely have propounded without it." *Huawei Techs., Co., Ltd. v. Samsung Elecs. Co., Ltd.*, 340 F. Supp. 3d 934, 945 (N.D. Cal. 2018) (quotation omitted)).  The rule "require[s] the party claiming infringement to crystallize its theories of the case early in the litigation and to adhere to those theories once disclosed." *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1024 (N.D. Cal. 2010) (quotation omitted).  Though a plaintiff need not supply evidence of infringement or prove its

United States District Court
Northern District of California

United States District Court
Northern District of California

1    case, "all courts agree that the degree of specificity under Local Rule 3-1 must be sufficient to

2    provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable

3    chance of proving infringement." *Id.* at 1025 (quoting *View Eng'g, Inc. v. Robotic Vision Sys.,*

4    *Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)); *Creagri, Inc. v. Pinnaclife Inc., LLC*, No. C 11-

5    06635 LHK (PSG), 2012 WL 5389775, at *3 (N.D. Cal. Nov. 2, 2012) (Magistrate Judge Paul

6    S. Grewal).

7           Amazon argues that MasterObjects' infringement contentions for claim 13 of the '628

8    patent fail to comply with Patent Local Rule 3-1(c).  Amazon focuses on the claim's caching

9    limitation it highlighted as one of its "best non-infringement arguments" in our March 2021

10   case management conference (Dkt. No. 119 at 22).  Specifically, Amazon says that the claim

11   chart fails to identify the where and how of Amazon's infringement and contains only

12   screenshots of various technical documents without explanation (Br. Exh. A).  This order

13   agrees.

14          The claim chart for limitation 13[F] starts as follows:

| **13[F]** wherein the server system caches query results and subsequently determines results by looking up the query in said cache so that it can avoid performing a query for the same input on a data source or looking up said query in a second cache | Each Amazon e-commerce platform comprises a system wherein the server system caches query results and subsequently determines results by looking up the query in said cache so that it can avoid performing a query for the same input on a data source or looking up said query in a second cache.<br><br>Amazon's e-commerce platforms cache query results on Amazon servers and subsequently determine results by looking up the query in said cache so that it can avoid performing a query for the same input on a data source or looking up said query in a second cache: |
| --- | --- |

22   Here, MasterObjects begins by merely parroting the language of the claim.  Eighteen pages of

23   document screenshots follow, but they lack any supporting commentary.  MasterObjects

24   asserts the claim chart contains "a carefully curated series of Amazon engineering documents

25   that explain how Amazon caches and why.  These are technical Amazon engineering

26   documents written to describe Amazon's system to new Amazon engineers" (Opp. 7).  It is not

27   sufficient for the claim chart to merely describe the allegedly infringing instrumentality.

28   Rather, the claim chart must reasonably connect the collected documentation to the language of

the claim.  Without an accompanying commentary, the screenshots do not describe where and how the claim limitation is found in the accused instrumentality.  *See Fortinet, Inc. v. Forescout Techs., Inc.*, No. C 20-03343 EMC (JSC), 2021 WL 1749902, at *3 (N.D. Cal. May 4, 2021) (Magistrate Judge Jacqueline S. Corley).

In its opposition, MasterObjects proceeds to quote excerpts of particular documents and explains how, over the years, Amazon added various aspects to its autocomplete feature and eventually infringed the '628 patent (Opp. 7–8).  MasterObjects contends this suffices to put Amazon on notice.  But MasterObjects did not provide this sort of explanation in its claim chart, which contained only the document screenshots sans context.  Reasonable notice requires the patent owner to *specifically* tie the asserted claim language to some feature within the accused product.  *See Xiaohua Huang v. Nephos Inc.*, No. C 18-06654 WHA, 2019 WL 5892988, at *1 (N.D. Cal. Nov. 12, 2019) (Judge William Alsup).  In its response to Amazon's précis request to file the instant motion, MasterObjects asserted that it "is impossible to read these 19 pages and not understand **exactly** what MasterObjects claims" (Dkt. No. 163 at 2, emphasis in original).  Our parties here are highly sophisticated, but that does not mean that MasterObjects gets a pass on properly stating its infringement contentions because Amazon's counsel can figure it out.  More is needed.

Amazon also asserts that MasterObjects' citations to Amazon source code files is deficient.  MasterObjects cited nine source code files, but only stated:  "The following files include code that caches query results, and looks up queries in the cache" (Br. Exh. A at 19).  "Where the accused instrumentality includes computer software based upon source code made available to the patentee, the patentee must provide 'pinpoint citations' to the code identifying the location of each limitation."  *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. C 18-02621 WHO, 2019 WL 955000, at *5 (N.D. Cal. Feb. 27, 2019) (Judge William H. Orrick).  Even if pinpoint citations to source code are not *per se* required, MasterObjects has readily acknowledged source code is critical here (Dkt. No. 119 at 23–24).  But, lacking more specific source code citations with some level of accompanying explanation, MasterObjects has failed to provide an adequate level of specificity to satisfy Patent Local Rule 3-1(c).  We should all

4

United States District Court
Northern District of California

1    recognize what is really going on here.  Patent owners hate to be pinned down to a precise

2    meaning of their patent claims because it can come back to haunt them in future cases against

3    other accused products.  But this is not a legitimate reason for evading the duty to specify how

4    and why the accused product in the case at hand falls within the claim.  Also, here,

5    MasterObjects wanted to avoid stating a thing until it took the Rule 30(b)(6) deposition so as to

6    avoid having to contradict itself with respect to infringement.

7        This order proceeds to address whether MasterObjects should be granted leave to amend.

8    Amazon argues that fact discovery closes on December 24:  "To allow MasterObjects to

9    amend its infringement contentions a *third* time at that point, at the close of fact discovery and

10   just over a month before expert reports are due, would prejudice Amazon" (Br. 12).  Indeed,

11   MasterObjects gave itself five weeks to review Amazon's corrected document productions to

12   find pertinent portions of source code with which it could properly revise its infringement

13   contentions.  This order notes with especial concern Amazon's unopposed assertion that

14   MasterObjects spent *less than an hour reviewing source code* before serving its current

15   infringement contentions (Reply Br. 3).

16       But we should not consider MasterObjects' infringement contentions in a vacuum.

17   MasterObjects first served its infringement contentions in the Southern District of New York,

18   where our Patent Local Rules did not apply.  It served its first amended infringement

19   contentions before Amazon (voluntarily) cured its deficient document productions.

20   MasterOjbects notes that links to relevant source code were disabled in Amazon's documents

21   prior to the curative productions on September 17, 2021 (Hosie Decl. ¶ 3).  And this order

22   recognizes MasterOjects' assertion that Patent Local Rule 3-4 obligates Amazon to produce

23   "[s]ource code . . . or other documentation sufficient to show the operation of any aspects or

24   elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-

25   1(c) chart."  At first glance, Amazon's invalidity contentions provided little insight from which

26   MasterObjects could refine its infringement contentions (*see* Hosie Decl. Exh. E).  In fact,

27   Amazon requested leave to amend its invalidity contentions during the pendency of this

28

motion.  In light of these factors, this order will permit MasterObjects to amend its infringement contentions.

## CONCLUSION

For the foregoing reasons, Amazon's motion is **GRANTED IN PART**.  MasterObjects' infringement contentions as to claim 13 of the '628 patent are **STRICKEN WITH LEAVE TO AMEND** as to claim 13.  MasterObjects' revised infringement contentions are due **DECEMBER 23, 2021**.

MasterObjects **SHALL** pay Amazon's reasonable attorney's fees and costs incurred in bringing this motion, up to a total amount of $15,000.

This order did not rely on the supplemental briefing provided by MasterObjects. Accordingly, MasterObjects' administrative motion for leave to supplement the record, Dkt. No. 200, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated:  December 17, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE