Moez M. Kaba, CA State Bar No. 257456
mkaba@hueston.com
Rami Bachour, CA State Bar No. 324844
rbachour@hueston.com
HUESTON HENNIGAN LLP
523 West 6th St., Suite 400
Los Angeles, CA 90014
Telephone:    (213) 788-4340
Facsimile:    (888) 775-0898

Douglas J. Dixon, CA State Bar No. 275389
ddixon@hueston.com
Christina V. Rayburn, CA State Bar No. 255467
crayburn@hueston.com
Neil G. Anderson, CA State Bar No. 307668
nanderson@hueston.com
Thomas B. King, CA State Bar No. 241661
tking@hueston.com
HUESTON HENNIGAN LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone:    (949) 229-8640
Facsimile:    (888) 775-0898

Attorneys for Defendant
AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| MASTEROBJECTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Case No. 3:20-cv-08103-WHA <br><br> Judge William H. Alsup <br> Courtroom: 12 <br><br> **DECLARATION OF THOMAS KING** <br><br> Complaint Filed: May 5, 2020 <br> Trial Date: May 9, 2022 |

I, Thomas King, attorney at Hueston Hennigan LLP, declare as follows:

1. When a user begins typing a search into an Amazon search bar, Amazon's autocomplete service receives the letters typed by the user and provides suggested searches back to that user. This allows the user to complete a search by simply clicking a suggestion, rather than continuing to type. Amazon produced the source code that drives and provisions autocomplete as Amazon understood the accused instrumentality (i.e., the code that implements the autocomplete lookup process). Amazon's production included both client-side and server-side code, and was made well in advance of the December 13, 2021 deposition of Amazon's relevant 30(b)(6) witness. Amazon first produced this code in September 2020. After MasterObjects provided Supplemental Infringement Contentions in April 2021, Amazon additionally produced: (1) updated code that included past versions; (2) code for Amazon's iOS, Android, and Prime Video applications; and (3) additional code regarding autocomplete "widget" functionality. By July 2021, Amazon had produced over twelve thousand source code files comprising over two gigabytes of information.

2. Mr. Miller was asked to "walk [] through the names of the files that are actively used in autocomplete." *Id.* at 109:24-110:1. He did so, and the files he named had all been produced:

| Code identified by Mr. Miller | Where Produced by Amazon |
|---|---|
| ▓▓▓▓▓▓▓▓ " *Id.* at 110:14-21. | ▓▓▓▓▓▓▓▓ |
| ▓▓▓▓▓▓▓▓ ." *Id.* at 110:23-111:1. | ▓▓▓▓▓▓▓▓ |
| ▓▓▓▓▓▓▓▓ ." *Id.* at 111:3-6. | |
| " ▓▓▓▓▓▓▓▓ *Id.* at 111:8-13. | |
| " ▓▓▓▓▓▓▓▓ ." *Id.* at 111:14-20. | |
| " ▓▓▓▓▓▓▓▓ ." *Id.* at 111:21-24 | |
| Suggestions providers: ▓▓▓▓▓▓▓▓ *Id.* at 111:25-112:16; 113:3-6. | Within: ▓▓▓▓▓▓▓▓ |
| ▓▓▓▓▓▓▓▓ ." *Id.* at 113:11-16. | |

3. MasterObjects' latest contentions claim "Amazon has produced two files of server code alone, both manifestly incomplete." No so. Amazon produced *hundreds* of files of server code.

4. MasterObjects' new complaints about Amazon's code production are not directed to

- 1 -

1  the core autocomplete functionality, which was produced. Instead, MasterObjects' complaints are
2  directed to different categories (the "Newly Demanded Code"): (1) code that relates to how certain
3  ███████████████████████████████████████████████████████████████████████
4  ███████████████████████████ and (2) an ████████████████████████████████
5  ██████████████. Until MasterObjects submitted its latest contentions on December 23, 2021,
6  Amazon had no reason to believe that such code was part of MasterObjects' infringement theory. As
7  Amazon will explain at the appropriate time, MasterObjects' latest infringement theories—to the
8  extent Amazon understands them—misconstrue Amazon's technology, are inconsistent with the
9  claims, and rely on a broadening construction of "cache" that conflicts with how *MasterObjects itself*
10 has previously construed that term. *Compare* Dkt. No. 198-1 at 1 (MasterObjects newly proposing
11 construing "cache" as "a memory store") *with MasterObjects, Inc. v. Facebook, Inc.*, Case No. 21-
12 cv-5428-WHA, Dkt. No. 62 at 3 (N.D. Cal. Oct. 26, 2020) (agreeing to construe "cache" as "a store
13 that includes previous query results retrieved in response to previous queries"). MasterObjects' latest
14 infringement theories are not ones that Amazon should or could have anticipated.

15       5.     Nor has Amazon hidden the ball. Amazon produced extensive technical
16 documentation related to autocomplete—including documents describing the functionality
17 MasterObjects newly accuses. Amazon repeatedly explained that it did not understand
18 MasterObjects' "caching" allegations, and urged MasterObjects to prepare compliant contentions.
19 *See, e.g.*, Dkt. No. 119 at 22:6-12, Dkt. No. 162. Amazon even engaged with MasterObjects on what
20 it needed to prepare compliant contentions, agreeing to stay case deadlines to allow MasterObjects
21 to finally do so by October 22, 2021. *See* Dkt. No. 155. During that process, MasterObjects never
22 asked for this Newly Demanded Code. And unlike the April 8 contentions, MasterObjects' October
23 22 contentions did not claim that Amazon's code production was lacking. *See* Dkt. No. 174-4 at Ex.
24 A. Nor did MasterObjects' counsel make this claim on December 16, when the Court ordered
25 supplementation. Dkt. No. 217 at 4:5-9. Nor did MasterObjects ever move to compel further code
26 production. This is a new issue, raised to mask MasterObjects' failure to prepare its case.

27       I declare under penalty of perjury that the following is true and correct:

28 Dated: January 10, 2022                /s/ *Thomas King*
                                          Thomas King