**MOEZ M. KABA**

mkaba@hueston.com
D: 213 788 4543
T: 213 788 4340

523 West 6th Street
Suite 400
Los Angeles, CA 90014

# HUESTON HENNIGAN LLP

January 31, 2022

Judge William Alsup
San Francisco Courthouse, Courtroom 12 – 19th Floor
450 Golden Gate Avenue,
San Francisco, CA 94102

Dear Judge Alsup:

Amazon respectfully submits this précis seeking leave to file a motion for sanctions, up to and including terminating sanctions, pursuant to Fed. R. Civ. P. 37 and 45 and the court's inherit powers, against Plaintiff MasterObjects and its counsel (collectively, "MasterObjects"). MasterObjects' discovery misconduct—including apparent misrepresentations to Amazon and the Special Master, violation of the Special Master's discovery order, and potential spoilation of documents—has needlessly multiplied these proceedings, burdened the Special Master and this Court, and prejudiced Amazon. In addition to this précis, Amazon is concurrently seeking leave to move for sanctions because of MasterObjects' pre-litigation misconduct. At the Court's direction, Amazon can brief its two requests for sanctions separately or in the same motion.

## I.      Background

On July 22, 2020, Amazon propounded its first set of Requests for Production ("RFPs") on MasterObjects, requesting, *inter alia*, documents from prior lawsuits concerning the patents-in-suit and related patents. On August 21, 2020, MasterObjects responded to these RFPs with boilerplate objections, prompting Amazon to send a discovery deficiency letter the week after. For the next *sixteen* months, the parties engaged in protracted meet and confer discussions regarding MasterObjects' prior litigation documents. Throughout that time, MasterObjects produced some documents, while claiming to be withholding others based on a shifting set of reasons and objections. When questioned on its deficient production, MasterObjects provided contradictory statements to Amazon and to the Special Master about why production was either unnecessary or impossible. Now, more than a month after the close of discovery, and more than a month after the Special Master ordered these documents produced, important prior case documents remain missing from MasterObjects' production. A brief history follows:

First, MasterObjects claimed that it was not withholding any responsive documents. *See* 04-01-2021 S. Hosie Ltr. to M. Kaba at p.2 ("On the Requests for Production, we herewith confirm that MasterObjects is **not** withholding any remotely relevant documents on any basis other than privilege and work product.") (emphasis in original). Later, MasterObjects claimed that it had destroyed its prior litigation documents pursuant to the protective orders in the prior cases. *See* 07-17-2021 S. Hosie email to M. Kaba ("Under the PO in prior cases, we were required post resolution to destroy anything that reflected defendant hcaeo, including documents that we created."). Then, MasterObjects claimed that it had *not* destroyed the documents, and was redacting them for production. *See* 08-04-2021 S. Hosie Email to N. Anderson ("Neil: I am currently in the painstaking process of reviewing prior interrog responses in earlier cases to redact HCAEO former defendant Information that we may not disclose under Court order."). Then, without producing the documents it claimed to have been redacting for production, MasterObjects claimed that the protective orders in the prior cases prevented it from complying with its discovery obligations and demanded that Amazon serve a subpoena for the prior case documents. *See* 10-12-2021 S. Hosie email to T. King ("On reflection, this process has to start with a subpoena or court order."). Although not necessary, to avoid motion practice, Amazon subpoenaed MasterObjects' counsel as requested. MasterObjects then notified the third-party defendants from the prior cases of the subpoena, none of whom objected to the subpoena or to MasterObjects producing the relevant documents. Nevertheless, Hosie Rice inexplicably *still* refused to produce documents, and invited Amazon to move to compel. *See* 11-01-2021 T. King email to D. Atkinson.

On November 8, 2021, Amazon moved to compel production of MasterObjects' prior case documents. Dkt. No. 167. In response, MasterObjects argued in briefing that "Amazon is literally asking MasterObjects to review hundreds if not thousands of banker's boxes," emphasizing the "burden" of Amazon's request and the prior defendants' expectation of privacy. *Id*. at 5. At oral argument before Special Master McElhinny, MasterObjects again emphasized both the burden of producing and the confidential nature of the information requested:

> I know of no case where a current [plaintiff] and its lawyers have been ordered to go through and scour prior defendant documents and produce them, and it would be enormously burdensome; and more, all of this is subject to protective orders. I can't produce these documents without getting explicit written permission from the defendants.

On December 3, 2021, Special Master McElhinny rejected MasterObjects' arguments and granted Amazon's motion to compel. Dkt. No. 190 at 3 ("Related litigation tends to be highly relevant to issues of validity, infringement, and damages in patent litigation…. Having put this history into issue [in its complaint]. Plaintiff cannot credibly challenge discovery on these cases as irrelevant."). He ordered MasterObjects to produce, by December 15, 2021, the following documents from all prior cases asserting the patents-in-suit or related patents: (a) Interrogatory and RFA responses; (b) Claim charts; (c) Infringement and invalidity contentions; (d) Patent Local Rule disclosures; (e) Expert reports; (f) MasterObjects' privilege logs; (g) Technical tutorials; (h) Demonstratives; (i) Document production cover letters; (j) Hearing transcripts; (k) Unproduced transcripts of MasterObjects-aligned or neutral witnesses; and (l) Under seal filings.

On December 15, 2021, MasterObjects made a document production. In addition to other documents not at issue here, that production included only on handful of prior case documents, including certain interrogatory responses and deposition documents. Notably, none of the interrogatory responses included any confidential information from prior case defendants, placing into question MasterObjects' previous representation that it had been redacting such documents. In light of MasterObjects' representations about the extensive amount of prior case documents that existed (and given that MasterObjects litigated some the prior cases for years before settling them), Amazon challenged MasterObjects' sparse production the next day.

MasterObjects responded that it does not have the further court-ordered documents, because: (1) they "purge" their files every three years; and (2) Hosie Rice had a "ransome ware [sic] attack last year that bricked [their] physical and virtual servers." These two claims were a significant departure from the months of representations MasterObjects had made to Amazon about its prior case documents, as well as a significant departure from what MasterObjects had told Special Master McElhinny about why it should not have to produce those documents.

## II.     Basis for Amazon's Motion

Sanctions are warranted here in light of MasterObjects' conduct. *See Anheuser-Busch v*. *Natural Bev.*, 69 F.3d 337, 352 (9th Cir. 1995). "It is well settled that dismissal is warranted where … a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings: courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Id*. at 348.

As mentioned above, MasterObjects has, for months, implicitly or explicitly represented that it had numerous documents from prior litigations and that it was actively redacting their contents. Even recently, MasterObjects represented to Amazon and the Special Master during briefing and oral arguments that the burden of producing prior litigation documents was so "extraordinary" and "enormous[]" that Amazon's motion to compel should be denied on that basis alone. *See, e.g.,* Dkt. No. 167 at 5.

Only after MasterObjects was ordered to produce these documents—and less than a week before the close of discovery—did it claim that the bulk of the documents were somehow purged per "standard practices." If

this is true, then MasterObjects has spoliated documents. MasterObjects has been involved in continuous litigation and prosecution of patents for litigation since 2011. In 2018, MasterObjects specifically carved out both Amazon and Facebook as litigation targets, and then sued them less than 18 months later. It is thus unclear how MasterObjects could have properly purged its prior case documents "per standard practices" without violating its evidence preservation duties. Indeed, MasterObjects must know this, which likely explains its resistance to either: (1) producing these documents; or (2) saying what actually happened to them. For instance, MasterObjects emphasized to the Special Master the burden of reviewing "hundreds if not thousands" of banker's boxes, yet ultimately produced only a handful of documents. But "banker's boxes" of documents would not have been impacted by any ransomware attack. And if Hosie Rice had indeed "purged" banker's boxes-worth of documents, presumably they would have known that prior to oral arguments and would have disclosed that to the Special Master. *Gutman v. Klein*, 2008 WL 4682208, at *12 (E.D.N.Y. Oct. 15, 2008) (noting "the most serious forms of spoliation merit the harshest sanctions" and "the worst sort" of spoliation is that which is "intentional, thoroughgoing, and (unsuccessfully) concealed.").

MasterObjects waited until *after* Amazon expended time and money meeting and conferring, *after* Amazon issued a subpoena to Hosie Rice, *after* both parties argued Amazon's motion to compel to Special Master McElhinny, and *after* Amazon pushed on MasterObjects' inadequate December 15 production, to finally claim that its servers were supposedly hacked in December 2020. During meet-and-confers, counsel for MasterObjects claims that the ransomware attack was previously none of Amazon's business. Not so. MasterObjects had a continuing duty to identify each lost or destroyed document responsive to Amazon's RFPs. Fed. R. Civ. Proc. 26(e). MasterObjects also had a duty to alert Amazon that its own highly confidential information may have been impacted by this ransomware attack. And most importantly, MasterObjects had a duty to not mislead Amazon and the Special Master.

To date and to avoid motion practice, Amazon has attempted on *eight* separate occasions to get more information from MasterObjects about its prior representations, the purported ransomware attack, and the document destruction policy according to which MasterObjects supposedly purged responsive documents. MasterObjects responded by either ignoring Amazon or producing a smattering of documents that, while partially responsive to the Special Master's order, raise more questions than answers. Most recently, on January 24, 2022, Amazon sent a six-page letter setting forth the above history and requesting, for the final time, an explanation. On January 27, 2022, MasterObjects responded, admitting that responsive documents are missing, but refusing to answer Amazon's questions about the ransomware attack or its purportedly "standard" deletion of documents. (Apparently, MasterObjects is willing to provide an FBI report relating to the attack if Amazon files a motion regarding this issue, but not before.) Some of the documents that MasterObjects admits are missing include prior infringement charts and plaintiff expert reports—documents with the ability to do the most harm to its case here. As far as Amazon can tell, these missing charts are the same infringement charts that MasterObjects claimed to possess as recently as October 2021. 10-08-2021 S. Hosie Email to T. King ("The prior contentions and rog responses are difficult to redact as essentially all tech detail hcaeo."). Also on January 27, after the fact discovery cut off and the Special Master's production deadline, and without explanation, MasterObjects produced 13 more responsive documents. This is despite MasterObjects claiming on December 16—and consistently since then—that "[w]e produced what we had. . . . we purge our files every three years." 12-16-21 S. Hosie email to T. King.

### III.     Conclusion

Amazon respectfully requests leave to file a motion for sanctions related to MasterObjects' discovery misconduct and spoliation.

Sincerely,

*/s/ Moez M. Kaba*

Moez M. Kaba