

ATTORNEYS AT LAW

505 Sansome Street, Suite 1575
San Francisco, CA  94111
T: 415.247.6000   F: 415.247.6001

February 2, 2022

Judge William Alsup
San Francisco Courthouse, Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Judge Alsup:

This letter responds to Amazon's *precis* seeking leave to file with this Court a motion seeking sanctions—"including termination sanctions"—for MasterObjects' alleged breach of the Discovery Master December 3, 2021 Order.  ECF 190.  Amazon's summary is heated, rife with invective, and suggests that MasterObjects' counsel "mislead the Master," and "potentially" destroyed documents to evade counsel's discovery obligations.

None of this is remotely true, as set forth below.  But, merits aside, there is a critical threshold **process** question: why has Amazon filed this request to file a sanctions motion in this Court, as against before the Discovery Master whose December 3, 2021 Order Amazon insists MasterObjects violated?  It is the Discovery Master's Order, and it is the Discovery Master's right and responsibility to determine in the first instance whether MasterObjects complied with that Order.  The Discovery Master knows the facts, knows the prior briefing, knows who said what, and knows what he ordered.  Amazon has **no** legitimate reason for not first taking this discovery fight to the Discovery Master.  Instead, it assumes a breach, and asks this Court for a remedy.  This Court should remand this dispute to the Discovery Master, where it belongs until the facts are found.

On the merits, Amazon's is not a *precis* that relies on half-truths and sly innuendo.  It is, instead, a letter brief that relies on explicit falsehoods.  To give this Court some examples:

- Amazon says that MasterObjects' December 15, 2021 production "included only a handful of prior case documents."  Amazon at 2, ¶ 3.  Not so.  MasterObjects produced 3,400 pages that day including ten sets of prior interrogatory responses coming to 545 pages alone.

- Amazon insists throughout that MasterObjects did not earlier produce documents relating to Defendants in prior MasterObjects litigations.  Its *precis* reprises allegations Amazon made in a January 24, 2022 six-page letter.  But, in an equally long and detailed January 27, 2022 response letter, MasterObjects spent pages telling Amazon exactly what it produced, all with page specific document bates ranges.  What MasterObjects produced when is **empirical**.  And what does Amazon say of MasterObjects' six-page January 27, 2022 letter?  Just this one sentence: "On January 27, 2022, MasterObjects responded, admitting that responsive documents are



Judge William Alsup
February 2, 2022
Page 2

        missing….." Amazon letter at 3. Our six-page letter does and says far more than that, detail that Amazon now finds inconvenient, and so ignores.

- Amazon says that MasterObjects mislead the Discovery Master at argument when counsel said that they would have to recall from offsite storage and review "hundreds of boxes." This proved to be an understatement: MasterObjects recalled and reviewed 245 banker's boxes.

- Amazon hints that MasterObjects imagined its December 2020 server ransomware attack. But the firm reported the episode to the FBI, and followed the Agency's advice not to pay a Bitcoin ransom. What: we made this up? More, the firm and its outside IT firm have spent thousands of hours doing all possible to recover the "bricked information"

We could go on, and do in our January 27, 2022 letter, but the point is made: Amazon is not faithful to the record, breathlessly taking snippets of emails and meet and confer calls out of context, and doing so while ignoring what MasterObjects actually **did** and said. Amazon's *precis* letter is a hit and run slander. Amazon filed this motion in a transparent effort to tar MasterObjects before this Court, which is why Amazon is carefully avoiding the Discovery Master, whose Order Amazon insists MasterObjects willfully violated.

This is **not** how cases should be prosecuted. Amazon's money is exceeded only by its hubris. But if being rich means being above the law, then there is no law.

MasterObjects respectfully request that this Court deny Amazon's *precis* request and remand this matter to the Special Master who can—on a full record—decide whether MasterObjects in fact committed any of the sins Amazon so zestfully recounts. If the Discovery Master agrees, and we do not believe he will, then—ultimately—the remedy issue may reach this Court.

                               Very truly yours,

                               */s/ Spencer Hosie*
                               Spencer Hosie

Cc:    Amazon Litigation Team (AmazonMasterObjects@hueston.com)