

ATTORNEYS AT LAW

505 Sansome Street, Suite 1575
San Francisco, CA  94111
T: 415.247.6000   F: 415.247.6001

February 2, 2022

Judge William Alsup
San Francisco Courthouse, Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Dear Judge Alsup:

This letter responds to Amazon's January 31, 2022 *précis* seeking leave to file a motion for terminating sanctions (ECF 243).  Its thesis is simple: Amazon says that MasterObjects "admitted" that it used "confidential" Amazon information acquired in mid-2011 to draft the patent claims at issue here.  Amazon Letter at 1.

There are two massive errors embedded in Amazon's advocacy.  First, the claims asserted here draw directly from MasterObjects' first patent filing in August 2001, now the parent '529 patent.  MasterObjects' asserted claims do not reflect some sort of shift after MasterObjects' dismissal of the first Amazon case.  To the contrary, and an explicit part of the detailed PTO record, the asserted claims reflect MasterObjects' claim drafting from 2001 forward—more than a decade **before** MasterObjects filed and then dismissed the first Amazon case.  Amazon ignores this centrally relevant fact in full.  *See* below § I.

Second, Amazon's claimed "admission" rests on a question-and-answer couplet in one deposition completely taken out of context, a snippet in an examination that covered more than ten pages.  Over these many pages, the witness explained what he meant.  Amazon, too, ignores this detailed explanation.  *See* § II, below.

### I. MASTEROBJECTS' CLAIMS DRAFTING WAS CONSISTENT FROM 2001 THROUGH 2019.

*The Issue, Put Plainly*

In 2011, MasterObjects asserted the '326 patent against Amazon.  The application that led to the '326 patent was filed on October 25, 2005; it issued on July 6, 2010.

During this period, MasterObjects continued to prosecute its first application, which would mature into the '529 patent, now the parent of all the asserted patents.

The '326 patent was asserted first because it issued first.  It required a two-step process in running instant search, *i.e.*, hit a cache, and then go elsewhere for content in the event of a cache miss.



Judge William Alsup
February 2, 2022
Page 2

In 2011, Amazon's basic non-infringement position was that its system had ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[1]  Amazon explained this non-infringement position to us (just as it announced in open Court in this current case that its principal non-infringement contention was that it did not cache).  MasterObjects then dismissed the '326 case in the fall of 2011.

Amazon's *précis* turns on what it says happened next: that MasterObjects abruptly then changed its claiming strategy to cover a one-step process that hit just the cache alone, and MasterObjects' alleged hard right turn reflected and came as a consequence of what it learned from Amazon.

This did not happen.  The thing about the PTO record is that there is a record—a month by month, year by year record of the claims drafted and submitted.  And this record, going back to August 2001, proves Amazon's accusation—that MasterObjects changed its claiming strategy given what it learned from Amazon—is dead wrong.

*The Original Application ('529 Patent)*

In August 2001, MasterObjects filed the application that would mature into the '529 patent, the parent patent to the asserted patents.  This was a **decade** before the Amazon dismissal.

This very first application contains an explicit claim covering a system with just one step—hitting a cache alone: "The system of claim 1 wherein said server software stores previously used strings and returns said stored strings to the client in response to new client queries, without accessing said content engine [the second step]."  '529 application, original claim 5.

In December 2005, six years pre-Amazon, MasterObjects added another claim—then pending claim 30—which also required only a one step process, unless the cache had expired.  '529 then pending claim 30.

In October 2007, four years pre-Amazon, MasterObjects added two broad claims that did not contain a second check step limitation whatsoever.  *See* '529 then claims 42 ("The system of claim 1 wherein the server object retrieves the matching string-based data from an in-memory cache of responses to previous queries") & 60.

Finally, in September 2010, just under a year before Amazon, MasterObjects amended independent claim 1 of the '529 application.  The amended claim explicitly does **not** require a two-step process: it can do one step or two steps—the claim is agnostic on which ("retrieve content information from the content-based cache… **or** from one or more content sources that matches…").

---

[1] Amazon has sought to seal this conclusion.  MasterObjects disagrees that this information should be sealed and intends to oppose Amazon's sealing request.


ATTORNEYS AT LAW

Judge William Alsup
February 2, 2022
Page 3

In early summer, this claiming language was the subject of a PTAB appeal brief. In late 2011, MasterObjects prevailed and the '529 patent issued in February 2012, with the independent claim 1 language substantially unchanged.

How could MasterObjects have used confidential Amazon information in a claim strategy that MasterObjects pursued from day one—beginning a decade prior to the Amazon case?

And what does Amazon's *précis* say about this critical history? Not a thing.

The applications leading to now asserted patent were filed on September 16, 2013, December 22, 2016, and February 17, 2017. They continued the then 14-year mature approach of claiming both one step (hit cache) limitation or agnostically for two caches. That is, the claims Amazon now challenges as contaminated by Amazon's 2011 "confidential information" do exactly what MasterObjects had done for years—since 2001. The '326 patent was the outlier here; not the converse.

## II.    MR. SMIT'S ADMISSION.

Over a dozen plus pages, the inventor, Mark Smit, described his understanding of the claims process. Amazon takes one question and answer out of these many pages and so oversimplifies to the point of distortion.

First, that Amazon had a ▮▮▮▮▮▮▮▮ was simply Amazon basic non-infringement position (just as it said in open court that its lack of caches was its basic non-infringement position in this current case). In fact, Amazon's own *précis* letter explicitly discusses in the open record this one step versus two point. *See* Amazon Letter at page, paragraph 5.

Second, Amazon does not fairly characterize Mr. Smit's testimony. Over many pages, Mr. Smit explained that the drafting strategy was to reduce the claims to cover the core invention alone, as against being larded up with embodiment curlicue detail.

Finally, Amazon, without admitting as much, seeks to reduce years of drafting history to one moment in time. In fact, Amazon's question drew a form objection (vague as to time). The fact of the matter is that the witness's testimony covered many years of claim drafting, both before and after Amazon, all calculated to ensure that the claims captured the true invention as against preferred embodiment detail. And, as set forth above, the single step claims drafting was central and organic from day one forward.

    Very truly yours,

    */s/ Spencer Hosie*

Hosie | Rice LLP
ATTORNEYS AT LAW

Judge William Alsup
February 2, 2022
Page 4

                                Spencer Hosie

Cc:     Amazon Litigation Team (AmazonMasterObjects@hueston.com)