1  Moez M. Kaba, CA State Bar No. 257456
   mkaba@hueston.com
2  Rami Bachour, CA State Bar No. 324844
   rbachour@hueston.com
3  HUESTON HENNIGAN LLP
   523 West 6th St., Suite 400
4  Los Angeles, CA 90014
   Telephone:     (213) 788-4340
5  Facsimile:     (888) 775-0898

6  Douglas J. Dixon, CA State Bar No. 275389
   ddixon@hueston.com
7  Christina V. Rayburn, CA State Bar No. 255467
   crayburn@hueston.com
8  Neil G. Anderson, CA State Bar No. 307668
   nanderson@hueston.com
9  Thomas B. King, CA State Bar No. 241661
   tking@hueston.com
10 HUESTON HENNIGAN LLP
   620 Newport Center Drive, Suite 1300
11 Newport Beach, CA 92660
   Telephone:     (949) 229-8640
12 Facsimile:     (888) 775-0898

13 Attorneys for Defendant
   AMAZON.COM, INC.
14

15                  UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17                  SAN FRANCISCO COURTHOUSE

18 | MASTEROBJECTS, INC.,                | Case No. 3:20-cv-08103-WHA
   |                                     |
19 |          Plaintiff,                 | Judge William H. Alsup
   |                                     | Courtroom: 12
20 |     vs.                             |
   |                                     | **DEFENDANT AMAZON.COM, INC.'S**
21 | AMAZON.COM, INC.,                   | **RESPONSE TO ORDER DATED**
   |                                     | **FEBRUARY 8, 2022, DKT. NO. 255**
22 |          Defendant.                 |
   |                                     | Complaint Filed: May 5, 2020
23 |                                     | Trial Date: May 9, 2022

24

25

26

27

28

- i -

1    The pre-2011 claims of the '529 Patent "explicitly require[] a second server-side source of

2  information." Dkt. No. 255. Those claims are directed to a system that can access *both* a content

3  source *and* a cache to gather responses to user queries. This is consistent for *all three* MasterObjects

4  patents filed before 2011, none of which is asserted in this case. In contrast, MasterObjects asserts

5  that the three later-filed Patents-in-Suit require *only* a cache, and do not require that the system also

6  be able to access a separate content source to gather responses to queries. Dkt. No. 236 at 25.[1]

7    The original '529 Patent (Dkt. No. 252-26) described a database search-and-retrieval system,

8  with caching as an optimization. As described therein, when a query to a database occurred, the

9  system would both: (1) perform that query against the database and return the results to the requesting

10  user; and (2) "cache" (make a copy of) the results of the query, so that future queries would not need

11  to go to the database and could instead be served from the cache. If the results in the cache expired,

12  queries would again be directed to the database. The invention thus worked with *both* the underlying

13  database *and* the cache to gather results in response to user queries. The cache never worked alone.[2]

14    The claims of the '529 Patent are consistent with the specification. As originally filed, Claim

15  1 claimed a system that retrieves information from a "content engine"—the underlying content

16  database. *See* 8/20/2001 '529 App. (reciting "allow[ing] [a] client system to query [a] server system

17  for content" and "a plurality of queries to retrieve content from said content engine"). Dependent

18  Claim 5, in turn, added the cache, claiming that the system "stores previously used strings and returns

19  said stored strings to the client in response to new client queries, without accessing said content

20  engine." *Id.* MasterObjects argues that original Claim 5 "cover[s] a system with just one step—

21  hitting a cache alone." Dkt. No. 246 at 2. But MasterObjects ignores that Claim 5 was a *dependent*

22  claim, depending on a claim that required an underlying content source (Claim 1). Of course, by

23  adding the "cache" concept for "new" queries, dependent Claim 5 did not *remove* the underlying

24  "content engine" from independent Claim 1. Original Claim 5 thus described, consistent with the

25  specification, a system that had access to—and worked with—*both* a content source *and* a cache as

26  sources for query responses. Put another way, the number of "steps" recited in Claim 5 is irrelevant,

27

28

[1] A graphic depicting the relevant patent family can be found at Dkt. 143 at 8.
[2] This point is addressed at length in Amazon's claim construction brief. *See* Dkt. No. 252 at 10-17.

1   because the *components* of the claimed system included a cache and content source.

2          MasterObjects next points to Claim 30 of the December 21, 2005 version of the '529 Patent

3   claims.  But Claim 30 was another dependent claim, depending on independent Claim 21, which was

4   directed to "[a] system for … delivery of content from ***a string-based content engine*** to a client."

5   *Id.* (emphasis added).  12/21/2005 '529 App.  Like original Claim 5, Claim 30 *added* a cache to a

6   system that already included a content engine.  Indeed, Claim 30 itself states that an access to the

7   content engine can only be avoided if the cached content has not expired.  *Id.* ("wherein the server

8   object … returns cached content to the client without accessing said content engine, unless the cached

9   content has expired since it was last received from said content engine.").  Claim 30 is thus directed

10  to a system that can access a content engine *and* a cache to service query responses.

11         The same is true for the October 31, 2007 versions of Claims 42 and 60.  Both depend from

12  claims that require retrieving content from the server system.  10/31/2007 '529 App. at Claim 1

13  ("wherein the server object … quer[ies] and retrieve[s] content information from the server system"),

14  Claim 54 ("wherein the server object … quer[ies] data from one or more content sources").

15         Finally, MasterObjects points to Claim 1 of the '529 Patent, as issued.  To overcome an

16  obviousness rejection, that claim was amended to bring the "cache" into the independent claim.  *See*

17  9/30/2010 '529 App. ("Claim 1 has been amended to further recite that … the system includes a

18  content-based cache ….").  That claim, like the others, thus recites a system that can acquire

19  information from *both* a cache *and* an underlying content source: "wherein the server object …

20  quer[ies] and retrieve[s] content information from the content-based cache at the server system or

21  from the one or more content sources …."  Dkt. No. 252-26 at Claim 1.  MasterObjects argues that

22  this claim does not require "a two-step process."  Dkt. No. 246 at 2.  That is not the point.  This claim

23  requires a server that queries *either* a cache *or* a content source, and thus has access to both.

24  MasterObjects' inventor ███████████████████████████.  *See* 5/24/2012 Smit Tr. at

25  148:24-150:3 ("███████████████████████████████████████████████

26  ███████████████████████████████████████████████").  Indeed,

27  the claimed "content-based cache" is *built* by the claimed system's accesses to the content source.

28  Dkt. No. 252-26 at Claim 1; *see also MasterObjects, Inc. v. Yahoo! Inc.*, Case No. 11-2539, Dkt. No.

6128955

1   40 at 9 (N.D. Cal. June 5, 2012) (MasterObjects explaining "content source" as "where the search

2   results come from" and "cache" as "where search results are stored for instant retrieval").

3     Claim 1 of the issued '529 Patent is thus similar to the claims of the '326 Patent, over which

4   MasterObjects sued Amazon in 2011.  Claim 1 of the '326 Patent, for example, claims a server that:

5       matches the … query string both initially by matching the query string against
    the previously determined results stored in the unified query cache at the
6       server, and subsequently, if no matching cache entry was found, by matching
    the query string against the content sources as retrieved by the server….

7
 Dkt. No. 252-28.  The only other pre-2011 patent, U.S. Patent No. 8,060,639 (the "'639 Patent"), is
8
 similar.  Claim 1 of that patent, as filed on July 2, 2010, claimed a server that:
9
10       automatically matches the increasingly focused query string initially by
    matching the query string against the contents of the query and result cache,
    and subsequently by matching the query string against other content available
11       to the server….

12   7/2/2010 '39 Application.  It issued with substantially the same language.

13     Contrary to MasterObjects' claim, the '326 Patent was not the "outlier."  The '529 Patent, the

14   '326 Patent, and the '639 Patent, all of which had claims that were filed before 2011, consistently

15   claimed a system that could access *both* a cache *and* an underlying content source for query results.

16   In stark contrast, original Claim 1 of the '866 Patent, filed on December 22, 2016, removed *any*

17   *reference* to a content source other than the cache:

18      1.  A method, comprising:
    automatically detecting, on a client computer, modification by a user of a search
19      query in an entry field;
    sending a request message containing the string representing the incomplete
20      version of the search query to a server system comprising one or more computers,
    receiving, by the server system, the string;
21       matching, by the server system, the string to entries in a cache of queries and
   search results based on earlier search queries received from a plurality of users;
22       retrieving, by the server system, data indicative of the search results matching
   the incomplete search query;
23       asynchronously sending, by the server system to the client computer a message
   containing at least a portion of the data indicative of the search results;
24       receiving, on the client computer, the message, and
    displaying at least a portion of the data indicative of the search results on the
25      client computer.

26   12/22/2016 '866 Application.

27     There is a reason that MasterObjects has not asserted any of the pre-2011 patents against

28   Amazon: it improperly attempted to tailor its *post*-2011 patents for this litigation.

- 3 -

6128955

1    Dated: February 11, 2022                    HUESTON HENNIGAN LLP

2

3                                        By:    /s/ Christina V. Rayburn
                                                Moez M. Kaba
4                                               Douglas J. Dixon
                                                Christina V. Rayburn
5                                               Neil G. Anderson
                                                Thomas B. King
6                                               Rami Bachour

7                                               Attorneys for Defendant
                                                AMAZON.COM, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

6128955