Moez M. Kaba, CA Bar No. 257456
mkaba@hueston.com
Rami Bachour, CA Bar No. 324844
rbachour@hueston.com
HUESTON HENNIGAN LLP
523 West 6th St., Suite 400
Los Angeles, CA 90014
Telephone:    (213) 788-4340
Facsimile:    (888) 775-0898

Douglas J. Dixon, CA Bar No. 275389
ddixon@hueston.com
Christina V. Rayburn, CA Bar No. 255467
crayburn@hueston.com
Neil G. Anderson, CA Bar No. 307668
nanderson@hueston.com
Thomas B. King, CA Bar No. 241661
tking@hueston.com
HUESTON HENNIGAN LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone:    (949) 229-8640
Facsimile:    (888) 775-0898

Attorneys for Defendant
Amazon.com, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| MASTEROBJECTS, INC., | Case No. 3:20-cv-08103-WHA |
| Plaintiff, | Judge William Alsup<br>Courtroom: 12 |
| vs. | |
| AMAZON.COM, INC., | **DECLARATION OF SCOTT SANFORD ISO AMAZON'S OPPOSITION TO MASTEROBJECTS' MOTION TO DISQUALIFY** |
| Defendant. | |

I, Scott Sanford, declare as follows:

1. I am an attorney duly licensed to practice in the State of California. I make this declaration in support of Amazon's Opposition to MasterObjects' Motion to Disqualify. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. I was admitted to the State Bar of California on December 1, 2000.

3. After graduating from law school, I joined Fliesler, Dubb, Meyer & Lovejoy, LLP (FDML) in October of 2000. I worked at FDML as a first-year associate and for part of my second year. I remained at FDML for approximately 18 months before lateralling to O'Melveny & Myers LLP in April of 2002. I lateralled to O'Melveny & Myers because Mark Miller, a partner at FDML when I worked there, for whom I worked, left for O'Melveny & Myers.

4. Prior to joining FDML, I was a law student at Golden Gate University, School of Law. Prior to law school, I worked as an engineer on electrical distribution systems at Westinghouse Electric Company. To my knowledge and recollection, I was the only associate at FDML with a background in mechanical engineering.

5. Because of my undergraduate degree and experience in mechanical engineering and electrical systems, my work at FDML focused on non-software matters. During my time at FDML, I do not recall working on any software-related matters. To the best I can recall, the clients I worked for were Asyst Technologies, Inc. (relating to semiconductor wafer handling systems), and other small mechanical clients.

6. During my brief tenure as a junior associate at FDML, I recall primarily working for two partners: Mark Miller (who had a physics degree) and Sheldon Meyer (who had an engineering degree). My work for Asyst Technologies, Inc., was with Mr. Miller. With Mr. Meyer, I worked on other small mechanical clients, including a medical device company.

7. Partners at FDML were largely siloed from each other, working with associates to service their individual clients. Junior associates were largely tasked specifically to partners with similar expertise. As stated above, I recall working with Mark Miller and Sheldon Meyer.

8. While at FDML, I did not work on any matters for MasterObjects or Mark Smit. I

1 did not in any way render any legal advice or services to either of them, or perform any work on their behalf. Nor have I since.

9. While at FDML, I did not know that MasterObjects or Mark Smit were a firm client. I have no recollection of ever having heard of MasterObjects or Mark Smit during my time at FDML.

10. While at FDML, I was never in possession of, accessed, or acquired MasterObjects' information (confidential or not).

11. While at FDML, I did not work on any MasterObjects matters with Karl Kenna or Martin (Marty) Fliesler (who is now deceased). Indeed, I do not recall working on any matters with either Mr. Kenna or Mr. Fliesler. I understand that Mr. Kenna, who was a patent agent during my time at FDML, focused on software matters, while I focused on matters related to semiconductors, semiconductor wafer handling systems, medical devices, and other non-software technologies.

12. I have never discussed MasterObjects, Mr. Smit, or anything related to the patents-in-suit with Mr. Fliesler or Mr. Kenna.

13. I understand that MasterObjects has claimed that the attorneys of FDML "frequently had all-hands meeting[s], and naturally talked about their work." My recollection of the "all-hands meetings" is that they involved presentations of public developments in the law, such as recent case opinions that would impact how patent attorneys should draft claims. The purpose of those meetings, as I remember them, was educational. I do not recall ever discussing a client at a FDML "all-hands meeting." I do not recall ever receiving any MasterObjects confidential information during any such meeting.

14. While at FDML, I did not access files for clients other than those whose matters I was staffed and working on. If I was not on a particular matter, I did not have any reason to access those files.

15. While at FDML, I had no administrative or management duties that would have exposed me to MasterObjects' confidential information.

16. The first time I realized that MasterObjects was a client of FDML (specifically, Marty Fliesler and Karl Kenna) during the 2001-2002 timeframe was earlier this year, when I learned of MasterObjects' threat to disqualify myself and Hueston Hennigan from this litigation for a perceived

1 conflict of interest.

2     17.    I understand that MasterObjects has accused me of wrongdoing, because FDML is not listed on my LinkedIn profile. I did not remove FDML from my LinkedIn profile as a result of or in response to this litigation. I did not remove FDML from my LinkedIn profile in any attempt to hide from opposing counsel my prior employment at that law firm. Instead, to the best of my knowledge, FDML has not been on my LinkedIn profile since long before this litigation commenced. I have no specific recollection of leaving it off, and if I did so, I did it inadvertently. I was surprised when I learned—as a result of MasterObjects' recent allegation—that it was not listed. I note that I do not pay close attention to my LinkedIn profile. In fact, it currently has my "title" listed incorrectly for the first five years of my employment at Amazon. From December 2009 through January 2015, I was a Senior Corporate Counsel at Amazon, not a "Patent Attorney." In addition, when I list my employment at Westinghouse, my LinkedIn profiles says that my location was in San Francisco/the Bay area for the duration of my employment there. In fact, for two years of my employment at Westinghouse, I was located in Houston, Texas.

    18.    At no time during this litigation have I intentionally hidden my prior employment by FDML from anyone.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 15, 2022.

_Scott Sanford_
Scott Sanford