UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MASTEROBJECTS, INC.,

      Plaintiff,

  v.

AMAZON.COM, INC,

      Defendant.

No. C 20-08103 WHA

**ORDER RE MOTION TO SEAL**

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The compelling reasons standard applies to most judicial records. Evidentiary motions such as motions *in limine* and *Daubert* motions can be strongly correlative to the merits of a case. *Id.* at 1098–1100.

In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in

whole or in part must file a declaration establishing that the identified material is sealable. Civ. L.R. 79-5(d)(1)(A). For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information because it "is not necessary to the public's understanding of the case." *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

"Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). "Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5).

Upon review of the pertinent motions to seal and their accompanying declarations, this order finds the parties have made the requisite showing to seal certain portions of the submitted documents. The proposed redactions are narrowly tailored. This order rules as follows:

| **Dkt. No.** | **Document to be Sealed** | **Result** | **Reasoning** |
| --- | --- | --- | --- |
| 121-3 | Motion for Leave to File First Amended Complaint and accompanying documentation | GRANTED as to requested material. Otherwise DENIED. | Material requested to be sealed as listed in the Anderson Declaration (portions of Exhibit K and Exhibit 1 to Exhibit K) contains sensitive confidential information regarding Amazon's source code, the public disclosure of which would cause Amazon competitive harm (*see* Dkt. No. 123). Should this information become more relevant in future aspects of the proceedings, the public interest may increase, perhaps |

| | | | |
|---|---|---|---|
| | | | leading to a different decision on future sealing requests. |
| 135-4 | Second Amended Complaint | GRANTED as to the requested material: p. 28 at ln. 2; p. 37 at ln. 5-6; and p. 37 at ln. 14-15. Otherwise DENIED. | Material requested to be sealed as listed in the Anderson Declaration contains information allegedly constituting confidential agreements with third-parties, the public disclosure of which would cause Amazon competitive harm (*see* Dkt. No. 137).  Should this information become more relevant in future aspects of the proceedings, the public interest may increase, perhaps leading to a different decision on future sealing requests. |
| 135-6 | Exhibit K to Second Amended Complaint | GRANTED as to the requested material: p. 2 at ln. 15 (last word only); p. 2 at ln. 27; p. 3 at ln. 6-8; p. 3 at ln. 19-24; p. 4 at ln. 10-15; p. 4 at ln. 22-26; and Exhibit 1. Otherwise DENIED. | Material requested to be sealed as listed in the Anderson Declaration contains sensitive confidential information regarding Amazon's source code, the public disclosure of which would cause Amazon competitive harm (*see* Dkt. No. 137).  Should this information become more relevant in future aspects of the proceedings, the public interest may increase, perhaps leading to a different decision on future sealing requests. |

Within **TWENTY-EIGHT DAYS** of the date of this order, the parties must, to the extent needed, file documents in full compliance with this order.

**IT IS SO ORDERED.**

Dated: March 9, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE