UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTEROBJECTS, INC., | |
| Plaintiff, | No. C 20-08103 WHA |
| v. | |
| AMAZON.COM, INC, | **SPECIAL MASTER'S ORDER AND REPORT** |
| Defendant. | |

Amazon sought leave to file a motion, pursuant to Fed. R. Civ. P. 37 and 45, for sanctions against MasterObjects, up to and including termination sanctions, for misrepresentation, violation of the discovery order and "potential spoliation of documents." (Dkt. No. 244.) On February 8, 2012, the District Court referred the dispute to the undersigned "to determine the extent to which the parties faithfully complied with the pertinent discovery orders and whether any spoliation has occurred." (Dkt. No. 256.)

Pursuant to that order, I permitted full briefing and held an extensive hearing on March 9, 2022. As a result of that briefing and hearing, and as I analyze the arguments, I have four matters before me: 1) a Rule 37 motion alleging violations of a Discovery Order I issued on December 3, 2021 (Dkt. No. 190); 2) a motion alleging potential spoliation; 3) evidentiary objections to MasterObjects' declarations filed by Amazon; and 4) a number of Administrative

Motions to Seal supported, in at least one instance, by the appearance of a third party. In this Order and Report, I do the following:

1) Rule on the Rule 37 motion for violation of my order and sanctions. As I understand the parties' previous stipulation and the Court's subsequent Order, this is a "discovery motion" that I have jurisdiction to decide, without the right to appeal. This motion should have been filed before me in the first instance.

2) Issue a report on my findings of fact regarding the allegations of spoliation. While this is also a Rule 37 motion, see infra., I have been asked expressly to report, not to rule.

3) Rule on the evidentiary objections. Obviously, in order to decide a motion and issue a report, it was necessary to determine what, if any, evidence was admissible, and

4) Abstain from ruling on the Motions to Seal. I do this for two reasons. First, there are similar motions pending before the District Court and there is a strong interest in consistent rulings. Second, I have no stipulation or referral that would allow me to adjudicate the interests of parties other than the plaintiff and defendant.

Finally, I note that at the hearing both parties stated that they had no objection to proceeding as I have just described. Tr. 8:2-5. In addition, Amazon confirmed that it is not pursuing, at this time, an independent motion seeking sanctions for alleged misrepresentations during the discovery process. Tr. 10:17-11:2.

**MOTION RE ALLEGED VIOLATION OF DISCOVERY ORDER**

On December 3, 2021, I issued an order granting an Amazon motion to compel. I ordered MasterObjects to produce documents from related litigation in response to certain Amazon Requests for Production. I noted that "related litigation tends to be highly relevant to issues of validity, infringement and damages in patent litigation." I ordered production to take place no later than COB on December 15, 2021. [At the hearing on that motion, I had indicated my likely ruling and had encouraged MasterObjects to begin the production process.]

From the record, it appears that MasterObjects has produced all of the documents responsive to my order, under its control, from litigation in which counsel in this case, Hosie Rice, was counsel of record. However, MasterObjects concedes that the production that was not completed by the deadline set by my Order. MasterObjects never sought to extend the production deadline, it simply failed to comply with it. No excuse for the late production was offered in sworn declarations. The explanations offered for the first time at the hearing were not compelling. Thus, I have concluded that MasterObjects has violated the Discovery Order by its late production. However, given the continuance of the trial date, Amazon has suffered no prejudice by the late production.

The more serious issue concerns responsive documents in the custody and control of MasterObjects that still have not been produced. In its moving papers, Amazon lists 15 specific related litigations. King Decl., Par. 3 (Dkt. No. 269-1.) These matters include two IPR proceedings before the PTAB and one IPR appeal before the Federal Circuit. The IPR proceedings and appeal involve the '024 patent, a patent in suit in this case, and the '073 patent a patent and grandparent of two other patents in suit in this case. By any reasonable definition, these matters are "related litigation," subject to my Discovery Order. Amazon expressly calls out the failure to produce documents in the possession of MasterObjects' IPR counsel as a violation of the Discovery Order. King., Decl. Par. 18.

In its opposition, MasterObjects simply ignores these matters. They are not mentioned anywhere in its brief (which refers to ten previous litigations rather than 15), see MasterObjects Responsive Brief at 1:3-8, or in any of its supporting declarations. At the hearing, when pressed, MasterObjects conceded that it had made no effort to produce documents held by its IPR counsel, Carr & Ferrell LLP, arguing that this was justified by protective orders and the prosecution bar. Eventually, however, counsel was forced to concede that the document requests and my Order were directed to MasterObjects itself, not to Hosie Rice, and that the documents were responsive and under the control of the client. At that point, MasterObjects argued, for the first time, that Amazon's original discovery motion did not seek documents from the IPR proceedings. As noted, however, the Discovery Order referred broadly to all related litigations. Moreover, having failed to raise its new argument in any pleading at any time, MasterObjects has waived it.

This clear violation and failure to produce documents causes me to question the scope of MasterObjects entire search for responsive documents. In its opposition brief, MasterObjects states that it has spent "hundreds of hours looking for responsive documents." Hosie Decl., Par. 2. (Dkt. No. 277-1.) In context, however, this appears to refer exclusively to searches of the Hosie Rice files. There is no sworn declaration of any search of files maintained by MasterObjects itself. And obviously, if MasterObjects has not searched entire files, whether its own or of counsel, the search has failed to look for the universe of documents responsive to any document request. The failure is not limited to the documents called out in the Discovery Order.

For the reasons set out above, Amazon's Motion for Sanctions under Rule 37 is GRANTED. I find that MasterObjects has violated the December 3, 2021 Discovery Order by 1) failing to produce responsive documents covered by the Order and 2) by failing to make timely production of what was produced. MasterObjects is ORDERED to perform a complete

4

search of its own files AND all documents in its custody and control, including, but not limited to, the files of Carr & Ferrell LLP, and to produce all documents responsive to every Amazon document request, as required by Rule 26(e)(1), Fed. R. Civ. P. Production shall take place no later than COB on Friday, April 8, 2022. If any document is withheld from that production, a privilege log describing the document and the claim for privilege shall be served on the same day.

**SANCTIONS**

Under Rule 37(a)(5)(A), if the court grants a motion to compel it must require the losing party to pay the prevailing party's attorney fees unless the losing party's position was "substantially justified." Under Rule 37(b)(2)(A), when a party has failed to obey a Discovery Order, the court may issue additional sanctions, up to and including termination sanctions. Here, MasterObjects did not present ANY defense for the failure to produce, much less one that is substantially justified. Frankly, the complete failure of MasterObjects to respond to, much less to defend, its failure to produce IPR documents is striking. Thus, I feel compelled by Rule 37 to award attorney's fees to Amazon.

Having said this, I note that Amazon has a corresponding problem. As I will explain in a moment, Amazon has now, on two occasions before me, taken relatively routine discovery disputes and attempted to re-package and escalate them into accusations of serious ethical breaches by opposing counsel. [I am aware that there are two similar motions pending before the District Court, one filed by each side. I have reviewed neither of those motion in detail and express no view about either of them.] In each case before me, these serious accusations have proven to lack any factual basis. In each case, rather than withdraw the accusation in the absence of evidence, Amazon has chosen to double down by making novel legal arguments that are thin to say the least. The effect of these motions has been to create or elevate personal animosity and to multiply these proceedings unnecessarily. I am hesitant to reward this strategy

5

by awarding fees. This is a particularly cogent factor here, because two motions are intertwined and have been briefed and argued together.

After due consideration, pursuant to Rule 37(a)(5)(A), MASTEROBJECTS is ORDERED to PAY Amazon its fees in bringing the current motion, up to a total of $15,000.00, on or before April 8, 2022. If the parties cannot agree on the precise amount, they may each submit a two-page letter to me on that date and I will specify the award.

A closing note, the District Court may conclude that this order is, in fact, appealable and that I do not have jurisdiction to award sanctions. If I have exceeded my jurisdiction, I offer my reasoning to the Court as a recommendation.

**REPORT ON ALLEGATIONS OF SPOLIATION**

**EVIDENTIARY OBJECTIONS**

Much of the factual history relevant to the motion is set out in sworn declarations filed by MasterObjects. Amazon has objected to key statements in these declarations on grounds of improper lay opinion, lack of foundation and hearsay. (Dkt. No. 286-2.) MasterObjects has filed no written opposition. I have considered these objections. They are OVERRULED. I find no opinion in plaintiff's declarations, much less expert opinion. The declarations contain factual accounts of historical events, in each case supported by an adequate foundation that shows how each declarant became aware of the facts. The declarations are not hearsay. They are offered to prove the state of mind and lack of improper intent of the Hosie Rice firm and to disprove prejudice to Amazon. Amazon concedes that state of mind, intent and prejudice are key areas of inquiry in a case of alleged spoliation. Tr. 16:9-18:8.

**FACTUAL BACKGROUND**

Sometime prior 2010, Hosie Rice digitized all of its files. (Hosie Decl., Par. 2) (Dkt. No. 277-1.) In 2011, the firm moved to the TransAmerica building, a secure location. (Carroll Decl., Par. 2.) (Dkt. No 277-11.) Since 2008, the firm has contracted with Northwest, a computer consulting firm based in San Francisco. (Shaw Decl., Par. 4.) (Dkt. No. 277-7.) Northwest maintains the firm's servers, computers and anti-virus protection. (Bogert Decl., Par. 2.) (Dkt. No. 277-12.) On or about December 9, 2020, despite using state-of-the-art cybersecurity protections, the firm was attacked by hackers. (Bogert , Par. 4.) The hack rendered all the files/mailboxes inaccessible without a recovery key set by the attackers. (Bogert, Par. 7.) The hackers demanded a ransom before unlocking the encrypted data. (Hosie, Par. 11.) Hosie Rice has contacted the FBI and its own insurer. Both the FBI and the insurer advised them not to pay the ransom. (Shaw, Par. 11-12.) Hosie Rice has not paid the ransom. Amazon has not offered to pay the ransom. The firm and its consultants have spent hundred of hours attempting to restore the data on its servers with some success. (Shaw, Par. 13.) Everything prior to the final months of 2016 has been lost. (Id.)

From time to time, Spenser Hosie would request hard copies of electronically stored data. Since 2010, he (or his legal assistants) have printed tens of thousands of pages of documents for witness files, topic files, pleading binders, etc. (Carroll, Par. 3). All printed documents were duplicates of electronically stored material. (Carroll, Par. 4.) When cases resolved, the hard copy files were purged. (Id.) Some litigation was subject to protective orders that required the Hosie firm to delete the confidential or highly confidential information of other parties. (Id.) If the protective order permitted the Hosie firm to maintain an archival copy of confidential information, that copy was maintained electronically on the firm's servers. (Hosie, Par.6).

During this litigation, Hosie has written that his firm had no duty to retain archival copies [of confidential information], that [his firm] tends to "prune case docs three years post

7

resolution," (King Decl., Exh. 37), and "we purge produced docs after the cases settle." (King Decl., Exh. 42).

**FINDINGS OF FACT**

**PHYSICAL DOCUMENTS**

"Spoliation refers to the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Micron Technology, Inc. v. Rambus, Inc., 645 F.3d 1311, 1320 (Fed. Cir. 2011), quoting Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). The Ninth Circuit applies a three-part test which requires a party seeking sanctions for spoliation to establish "1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; 2) that the records were destroyed 'with a culpable state of mind'; and 3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." Apple Inc v. Samsung Electronics Co. Ltd., 888 F. Supp. 976, 989-90 (N.D. Cal. 2012) (Koh, D.J.), quoting Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d. Cir. 2002.)

The parties agree that MasterObjects duty to preserve documents arose in 2011.

The evidence in this record is that all physical documents in the possession of Hosie Rice, and particularly, any hard copy that was destroyed, "pruned," or "purged" was a copy of a document that was stored electronically on a Hosie Rice server. There is no evidence, in this record, of any physical document, other than a copy of an electronically stored document, having been destroyed. The spoliation doctrine does not require a party to maintain identical copies. Reinsdorf v Skechers USA, 296 F.R.D. 604, 628 ( C.D. Cal. 2013).

**ELECTRONIC DATA**

Spoliation of electronically stored information is governed by Rule 37(e), Fed. R. Civ. P.. [Amazon did not cite Rule 37 in its opening brief.] This rule requires that electronic information have been lost, that it have been lost because a party failed to take reasonable steps to preserve it, and that there has been prejudice to the moving party. The rule provides for additional remedies if the accused party "acted with the intent to deprive another party of the information's use in the litigation." I find that no element of this test has been shown by evidence in the record.

At the most technical level, there is no evidence that any electronically stored information has been "lost." The evidence is that the data still exists on the hard drives. While access has been blocked, it appears that the data still exists and can be accessed if a key is provided or a technological work-around is discovered in the future.

Even if a denial of access is construed to be a "loss," there is no evidence in this record that the loss occurred because Hosie Rice failed to take reasonable steps to preserve it. On the contrary, the uncontradicted evidence is that Hosie Rice protected its servers to the best level achievable at the time and employed knowledgeable consultants to assist in that effort. This makes complete sense since the servers contained valuable information in addition to the electronic documents at issue in this motion. Failure to take reasonable steps to preserve is a critical, basic element of what Amazon was required in order to prove spoliation. Even had I granted Amazon's evidentiary objections, Amazon has failed to advance any affirmative evidence of its own to support its claim.

There is no evidence in this record of prejudice to Amazon.

As an initial matter, Amazon takes the position that the issue of prejudice was not before me and that Amazon had the right to reserve its showing of prejudice until a subsequent proceeding before the District Court. Tr. 18:14-21:4. Given the wording of Rule 37, I find that position untenable.

On the issue of prejudice, Amazon cites my previous statement that evidence of prior litigation is "extremely relevant," but takes my statement out of context. Relevant for the purpose of permitting discovery is not the same as showing that a particular document would have been relevant to the issues that are germane to a particular case. Much information has been produced pursuant to my Order. There is no evidence that any of it has been particularly useful. There is no evidence that any of the documents will ever see the light of day in this case. They do not appear to have been used in the claim construction pleadings. Rather than affirmative evidence of prejudice, Amazon falls back on the "we can't know what we don't know" argument. Amazon, and this Court, will never know for certain if any of the blocked information would have been important in this case. But that argument cannot survive the adoption of Rule 37(e). The rule requires affirmative proof of prejudice in the specific destruction at issue. If Amazon's argument were valid, prejudice would exist every time a document was lost.

Lastly, there is no evidence that Hosie Rice acted with an intent to deprive Amazon of evidence. Hosie Rice is the victim of a crime perpetrated on it by a hostile actor entirely unrelated to this litigation, not a spoliator.

Faced with this total and utter failure of proof, Amazon has not withdrawn its accusation. Instead, it seeks to create a new kind of spoliation, a duty to ransom information stolen by another. Amazon argues that Hosie Rice "lost" its data base not because it was hacked but because it refused to pay the ransom. Even if this argument could be twisted to fit the language of the Rule, which it cannot, I would reject it. Even if one ignores the FBI and insurance carrier

advice, even if one presumes (without any evidence) that paying a ransom in bitcoin to an unknown hacker would have succeeded, there is no logic or beneficial public policy in compelling a crime victim to pay ransom to a criminal in order to avoid being labeled a spoliator. Amazon cites Williams v Ross, 167 Cal. App. 4th 1215 (C.A. 2d 2008) in support of its position. The case is inapposite. It involves a legal malpractice case between one Williams and his former attorneys. Exercising his right under California law, Williams demanded the return of his case file from the attorneys he intended to sue. He reviewed the file to copy documents favorable to his case before putting the entire file in storage. He then failed to pay storage fees, ignored several warnings and sat by while the storage company disposed of the files. In that case, of course, the loss of the documents was directly caused by Williams. He entered into the storage contract, broke it after collecting his own favorable evidence and failed to take reasonable steps to preserve the documents. Here, to repeat, the Hosie Rice firm has been the victim of a crime. If the data has been lost, it has been lost despite best efforts to preserve it.

Throughout Amazon's papers, the spoliation accusation is stated conditionally. "If Hosie Rice committed spoliation, he should be sanctioned." When the time came to prove the condition, however, Amazon came up empty.

**IT IS SO ORDERED.**

Dated:  03/13/2022.

/s/ *Harold McElhinny*
Harold J. McElhinny
SPECIAL MASTER

11