# EXHIBIT 29

| | |
|---|---|
| **From:** | Christina V. Rayburn |
| **To:** | Spencer Hosie |
| **Cc:** | Amazon/MasterObjects [INT]; Darrell Atkinson; Diane Rice; Mike Carroll; Jerry Shaw; Moez M. Kaba |
| **Subject:** | RE: MasterObjects, Inc. v. Amazon.com, Inc. |
| **Date:** | Wednesday, February 16, 2022 9:33:10 AM |

Spencer,

I write to follow up on the below correspondence.  Please confirm, by noon today, whether you have access to relevant emails between counsel that Amazon did not already produce, including emails sent to or from Mr. Nelson's personal email address.  Additionally, if you have such emails, please confirm that you will produce them today.  If we do not receive such confirmation by noon today, we will seek relief from the court.

Similarly, your 2/14 letter to the court claimed that you would be providing privileged communications to the Court in support of your position.  The Court stated that those communications must not be submitted ex parte.  If you still intend to use those communications as part of your opposition, then you should produce them now.  There is no reason to wait, particularly given the Court's guidance that Amazon address MasterObjects' arguments in its opening brief.  Dkt. No. 272.

Finally, I reiterate my requests in my 2/15 email, below, that you: (1) produce the "internal file memo," the contents of which you have described to the Court; (2) supplement your privilege log to include emails and communications that you assert you found on Mr. Nelson's personal laptop; and (3) search Mr. Nelson's laptop for other information responsive to Amazon's discovery requests.

Best,
Christy

**Christina V. Rayburn**
D: 949.356.6412

**From:** Christina V. Rayburn <crayburn@hueston.com>
**Sent:** Tuesday, February 15, 2022 6:24 PM
**To:** Spencer Hosie <shosie@hosielaw.com>
**Cc:** Amazon/MasterObjects [INT] <AmazonMasterObjects@hueston.com>; Darrell Atkinson <datkinson@hosielaw.com>; Diane Rice <drice@hosielaw.com>; Mike Carroll <mcarroll@hosielaw.com>; Jerry Shaw <jshaw@hosielaw.com>; Moez M. Kaba <mkaba@hueston.com>
**Subject:** Re: MasterObjects, Inc. v. Amazon.com, Inc.

Please respond to the substance of my email. In particular: (1) have you found relevant emails sent to or from Mr. Nelson's personal email address; and (2) what is that email address?

Best,
Christy

**Christina V. Rayburn**

# HUESTON HENNIGAN LLP

D: 949.356.6412
crayburn@hueston.com
Biography

On Feb 15, 2022, at 6:14 PM, Spencer Hosie <shosie@hosielaw.com> wrote:

We said we would produce our privileged docs in camera. We will agree to produce all off our privileged documents of record if Amz reciprocates ( Eg the 94 Chattergee to Devore mails). So agreed?

Get Outlook for iOS

**From:** Christina V. Rayburn <crayburn@hueston.com>
**Sent:** Tuesday, February 15, 2022 6:57:38 PM
**To:** Spencer Hosie <shosie@hosielaw.com>
**Cc:** Amazon/MasterObjects [INT] <AmazonMasterObjects@hueston.com>; Darrell Atkinson <datkinson@hosielaw.com>; Diane Rice <drice@hosielaw.com>; Spencer Hosie <shosie@hosielaw.com>; Mike Carroll <mcarroll@hosielaw.com>; Jerry Shaw <jshaw@hosielaw.com>; Moez M. Kaba <mkaba@hueston.com>
**Subject:** RE: MasterObjects, Inc. v. Amazon.com, Inc.

Spencer,

Thank you for your letter, which I have reattached here for clarity. We have reviewed, in detail, the correspondence between Neel Chatterjee and Will Nelson that we gathered and produced. We produced multiple emails between Neel Chatterjee and Will Nelson's *Hosie Rice* email address, at wnelson@hosielaw.com. In our view, those emails do not support the arguments you made in your 2/14/2022 letter to the Court.

In light of your 2/14/2022 letter to the Court, we have re-reviewed these documents, specifically looking for Mr. Nelson's personal email address, and have been unable to find it. Your 2/14/2022 letter to the Court gave the impression that you had searched an old laptop at Mr. Nelson's house, and found emails sent to or from Mr. Nelson's personal email address that are relevant to this case. Is that so? If it is, we request that you produce those documents immediately. If, in the alternative, the only relevant emails of which you are aware are ones that Amazon produced, please so confirm. Please also produce immediately any other documents that you located on Mr. Nelson's personal computer that are relevant to Amazon's motion for terminating sanctions, including any privileged documents over which you intend to waive privilege for purposes of your response. For example, your letter describes the contents of an

"internal file memo from Mr. Nelson recounting the details of [a] call." Please produce that immediately.

In addition, your privilege log does not identify any communications sent to or from Mr. Nelson's personal email address. To the extent he had relevant communications on his personal email, you have *not* yet logged those. Please do so immediately. And to assist us in evaluating your claims, please provide us with Mr. Nelson's personal email address. There is no legitimate reason to hide the ball here.

Finally, Mr. King also asked you to confirm that you are searching Mr. Nelson's personal laptop (to which you apparently now have access) for other information relevant to this case, including documents responsive to the Special Master's December 3, 2021 Order. Please do so, and let us know when you can provide those documents, or confirm that no such documents exist.

Best,
Christy


**Christina V. Rayburn**

_____

**HUESTON HENNIGAN** LLP

D: 949.356.6412
crayburn@hueston.com
Biography

---

**From:** Jerry Shaw <jshaw@hosielaw.com>
**Sent:** Tuesday, February 15, 2022 3:13 PM
**To:** Christina V. Rayburn <crayburn@hueston.com>
**Cc:** Amazon/MasterObjects [INT] <AmazonMasterObjects@hueston.com>; Darrell Atkinson <datkinson@hosielaw.com>; Diane Rice <drice@hosielaw.com>; Spencer Hosie <shosie@hosielaw.com>; Mike Carroll <mcarroll@hosielaw.com>
**Subject:** MasterObjects, Inc. v. Amazon.com, Inc.

Attached please find a letter from Spencer Hosie.

Jerry Shaw
Hosie Rice LLP

---

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.