UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF SAN FRANCISCO

MASTEROBJECTS, INC.
          Plaintiff,

v.

AMAZON.COM, INC.,
          Defendant.

No. C 20-08103  WHA

ORDER ON REFERRAL

_____

       Amazon filed a motion seeking terminating sanctions for alleged unclean hands. To better defend itself against the allegation, MasterObjects voluntarily waived the attorney client and work product privileges to produce certain documents previously withheld from discovery. At the hearing on the motion before the District Court, Amazon complained that MasterObjects had not produced all of the privileged documents within the scope of its intentional waiver. After the hearing, the Court issued an order referring the waiver dispute to me for resolution and requiring the parties to report on the status of the dispute no later than April 21, 2022. (Dkt. No. 333). In a number of communications, I ordered senior counsel for each party to meet and confer, I ordered Amazon to specify the nature of any remaining dispute and I ordered MasterObjects to produce any privileged document at issue for in camera review. Finally, I alerted Amazon to my view that any dispute it failed to raise would be waived and gave Amazon the opportunity to supplement its specification of disputes.

       Pursuant to my direction, the parties met and conferred and, in a process for which both deserve great credit, substantially narrowed the disputed issues. At the end of the day, Amazon submitted five narrow issues for decision: whether two documents identified on MasterObjects' privilege log had been improperly withheld; whether two documents that had been produced had been improperly redacted; and whether or not, in the light of the substantial production of documents that has occurred since the close of discovery, Amazon should be allowed a further two-hour deposition of the MasterObjects named inventor, Mark Smit. (Dkt. No.334). On April 20, I held a hearing, at the end of which I ruled on the matters submitted. This written order documents the ruling and sets forth my reasoning as required by the stipulation and order under which I was appointed.

I can safely say that the decision to waive privilege voluntarily is one of the most complicated and fraught decisions that parties may face during litigation. While nominally straightforward, the test for the scope of such a waiver is notoriously ambiguous. Disputes are inevitable as opposing parties and courts are predictably wary that the disclosing party may have defined its waiver and production selectively to produce favorable evidence while continuing to withhold unfavorable evidence. Precedent is rarely helpful because cases are always so factually specific. This case simply presents another in the long line of predictable disputes.

The governing law in this dispute is Rule 502(a) of the Federal Rules of Evidence, adopted in 2008.That Rule provides that when a waiver is intentional, the waiver applies to all communications that concern "the same subject matter" which "ought in fairness to be considered together." Even on its face, the subjective nature of the test and the source of immediate dispute is clear. Who decides if communications ought in fairness to be considered together? In most cases, it eventually falls to the Court. But in cases like this one, a second ambiguity appears. One would think that identifying the subject matter of a communication would be relatively straightforward. But in this case, the privilege was waived in order to prove a negative, namely, that MasterObjects did not misuse Amazon confidential information in order to shape the drafting of its patent claims. By definition, the subject matter of any voluntarily disclosed communication would not be misuse. But how many communications need be disclosed to demonstrate that misuse never occurred? The answer is not easy. See, eg., Theranos, Inc. v Fuisz Technologies, Ltd., 2013 WL 2153276 (N.D. Cal. May 16, 2013.) (Grewal, M.J.) Thanks to the professionalism of the parties, I was required to consider only four documents, not the thousands of entries on the privilege log.

At the outside, I will note that I found no evidence of "selective disclosure" by MasterObjects. The disclosure made as part of its voluntary waiver was robust. As I have noted, dispute around the edges of such a production involves judgment calls and is, in my view, inevitable. And, although, reasonable minds may differ, the ultimate decision has been left to me. In making my decisions, I have given substantial weight to the fact that, at the end of the day, it is MasterObjects that bears the burden of proof.

1. Documents withheld in their entirety

    MasterObjects voluntarily waived privilege as to an e-mail chain that occurred on March 11-12, 2015, and although it produced several documents that were attachments to those e-mails, it continued to withhold two other attachments, Privilege Log entries 5504 and 5506. Having reviewed the documents in camera, and having considered the subject matter of the original e-mails, I believe that while the decision to continue to withhold them was understandable, they should be produced. I think that all the documents relate to the subject of trying to obtain more valuable claims.

2. MO_065803

   This is an e-mail from Mark Smit to Martin Fliesler, dated July 4, 2011. It was produced with redactions. Having reviewed the entire document in camera, I find the redactions appropriate.

3. MO_065759

   This is an e-mail chain which culminates in an e-mail from Mark Smit to Martin Fliesler, dated August 30, 2011. It was produced with redactions. Having reviewed the entire document in camera, I find that while the last five words in the redaction are appropriate, the remainder of the redaction should be disclosed.

4. Additional Smit deposition

   Given the opportunity, Amazon supplemented its demands with a request for two additional hours of deposition of Mark Smit. MasterObjects opposed this request on the ground it was outside the scope of the matters referred to me to be decided. As a matter of construction, MasterObjects may have the better argument. The Order refers the waiver dispute "as well as any other related issues, such as document redactions, and issues concerning MasterObject's privilege log." (Dkt. No. 333). Applying the ejusdem generis canon of construction, it would seem that a deposition is beyond the class of matters referred. In this case, however, I opt for efficiency. MasterObjects has produced hundreds of pages of documents since the close of discovery, many of which were written by or to Mr. Smit. I find Amazon's request of two more hours of deposition extremely reasonable. I see no benefit to the parties or to the Court of forcing Amazon to file a separate motion on what is essentially a discovery matter. If I have exceeded my jurisdiction, I offer this as a recommendation to the Court.

   WHEREFORE, MasterObjects is ordered to produce the documents identified above no later than Wednesday, April 27, 2022. MasterObjects is further ordered to make Mr. Smit available for two additional hours of deposition at a time and place to be agreed by the parties no later than May 6, 2022. The subject matter of the deposition is limited to the contents of documents produced by MasterObjects since the close of discovery.

Because this order deals with matters of privilege and jurisdiction, it may be appealed to the District Court.

Dated: April 25, 2022

                                                                     */s/ Harold McElhinny*
                                                          Harold J. McElhinny
                                                          Special Master