Moez M. Kaba, CA State Bar No. 257456
mkaba@hueston.com
Rami Bachour, CA State Bar No. 324844
rbachour@hueston.com
Julia Haines, CA State Bar No. 321607
jhaines@hueston.com
HUESTON HENNIGAN LLP
523 West 6th St., Suite 400
Los Angeles, CA 90014
Telephone:    (213) 788-4340
Facsimile:    (888) 775-0898

Douglas J. Dixon, CA State Bar No. 275389
ddixon@hueston.com
Christina V. Rayburn, CA State Bar No. 255467
crayburn@hueston.com
Thomas B. King, CA State Bar No. 241661
tking@hueston.com
Neil G. Anderson, CA State Bar No. 307668
nanderson@hueston.com
Justin Sorensen, CA State Bar No. 324817
jsorensen@hueston.com
HUESTON HENNIGAN LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone:    (949) 229-8640
Facsimile:    (888) 775-0898

Attorneys for Defendant
AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| MASTEROBJECTS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Case No. 3:20-cv-08103-WHA<br><br>Judge William Alsup<br>Courtroom: 12<br><br>**DEFENDANT AMAZON.COM, INC.'S NOTICE OF MOTION AND MOTION TO CONTINUE TRIAL DATE**<br><br>Date: October 13, 2022<br>Time: 8:00 am<br>Complaint Filed: May 5, 2020<br>Trial Date: October 17, 2022 |

1

## **NOTICE OF MOTION AND MOTION**

2 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3        **PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure and Civil

4 Local Rule 40-1, on October 13, 2022, at 8:00 am, or as soon as possible as convenient to the Court

5 in the courtroom of the Honorable William Alsup, located at Courtroom 12 of the San Francisco

6 Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Amazon.com, Inc.

7 ("Defendant") will, and hereby does, move the Court for a brief continuance of the pretrial

8 conference and trial dates currently scheduled in this case.

9        Because trial in this matter is currently scheduled to begin on October 11, 2022, before this

10 Motion can be heard, Amazon, with MasterObjects' consent, has filed a Joint Stipulated Request and

11 [Proposed] Order for an Order Shortening the Time to Brief and Hear this Motion per Civil L.R. 6-

12 2.  The parties have agreed that Amazon' Motion to Continue Trial Date will be fully briefed by

13 Friday, September 2, 2022, such that it can be heard on September 8, 2022, during the hearing in this

14 case that is already scheduled for that date. Amazon has conferred with counsel for MasterObjects

15 regarding this Motion to Continue Trial Date.  MasterObjects opposes this Motion.

16        This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and

17 Authorities in support thereof, the pleadings and papers on file in this action, any other such matters

18 upon which the Court may take judicial notice or which are incorporated by reference, the arguments

19 of counsel, and any other matters that the Court may properly consider.

20

21 Dated: August 25, 2022                                      Respectfully submitted,

22                                                                                 HUESTON HENNIGAN LLP

23                                                                                 By: */s/ Christina V. Rayburn*
24                                                                                      Christina V. Rayburn

25                                                                                 Attorney for Defendant Amazon.com, Inc.

26

27

28

---

1

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

2

**I.      INTRODUCTION**

3

4

5

6

7

8

9

The Court recently issued an order advancing the trial date by six days, from October 17, 2022 to October 11, 2022.  This date change creates trial conflicts for Amazon's co-lead counsel in this matter, Mr. Moez Kaba and Ms. Christy Rayburn.  It also creates a trial conflict for Amazon's inequitable conduct expert witness, Mr. Steven G. Kunin, and a conflict with previously scheduled vacation dates for one of Amazon's fact witnesses, Mr. Blair Hotchkies.  For these reasons, Amazon respectfully requests a brief continuance of the pretrial conference and trial dates, to avoid such conflicts.  Amazon has proposed the following potential windows for trial:

10

11

12

- Between November 7, 2022 and November 18, 2022[1];
- Between January 9, 2023 and January 27, 2023;
- Between February 6, 2023 and February 17, 2023; and
- Between February 27, 2023 and March 25, 2023.

13

Amazon can identify more available dates if requested

14

15

Amazon has conferred with counsel for MasterObjects, and MasterObjects opposes this Motion.

16

**II.      BACKGROUND**

17

**A.      The Conflicts Posed By the New Trial Date**

18

19

20

21

22

On August 5, 2022, this Court issued a "CLERK'S NOTICE ADVANCING PRETRIAL CONFERENCE, JURY SELECTION, AND JURY TRIAL DATES BY ONE WEEK."  ECF 382.  In that notice, the Court advanced the final pretrial conference from October 12, 2022 to October 5, 2022 and the first date of trial from October 17, 2022 to October 11, 2022.  *Id.*  The Court set the trial for eight court days.  *Id.*

23

24

25

This change creates trial conflicts for both Amazon's lead counsel in this matter, Mr. Kaba and Ms. Rayburn, for one of Amazon's key witnesses, Mr. Hotchkies, and for Mr. Kunin, Amazon's expert witness regarding inequitable conduct.

26

27

Mr. Kaba is co-lead trial counsel in a trial currently scheduled to begin in Los Angeles

28

---

[1] Amazon understands that the *MasterObjects v. Meta* trial is scheduled during this window.

Superior Court on September 26, 2022.  Declaration of Christy V. Rayburn ("Rayburn Decl.") ¶ 2.
Mr. Kaba expects that that trial will be ongoing at least through October 11.  *Id.*  Although Mr. Kaba
has disclosed the MasterObjects trial conflict to the Los Angeles Superior Court, that court has not
yet agreed to move the trial date.  *Id.*  The case is *Don Lee Farms v. Savage River, Inc.*, Case No.
BC662838.  *Id.*  That previously scheduled trial conflicts with the current dates for the Pretrial
Conference and trial in this case.

Ms. Rayburn is co-lead trial counsel in a trial scheduled to begin in San Francisco Superior
Court on October 3, 2022.  *Id.* ¶¶ 3-5.  That trial is expected to last for 5 days, through October 7.
*Id.*  The case is *New Pacific Hotel Inc. v. Sonder USA Inc.*, Case No. CGC-20-586949.  That
previously scheduled trial conflicts with the current date for the pretrial conference, and is projected
to run through the Friday before trial in this matter begins on the following Tuesday.  Such a schedule
would make it difficult for Ms. Rayburn to prepare adequately for this trial.  *Id.*

Mr. Hotchkies was the original architect of Amazon's accused Autocomplete functionality in
the 2007/2008 time period.  *Id.* ¶ 6.  He was disclosed in Amazon's initial disclosures as
knowledgeable regarding the development, structure and functionality of Amazon's accused
technology and the value of that technology to Amazon.  *Id.*  He was deposed in this matter and
Amazon presently intends to present him as a witness at trial.  *Id.*  Mr. Hotchkies has pre-planned
PTO spanning from October 12, 2022 though October 19, 2022.  *Id.*  While he could have made the
original trial dates work, because Amazon will go second in the presentation of evidence, the new
trial dates present an unavoidable conflict.

Mr. Kunin is an expert witness in *Ravgen, Inc. v. Quest Diagnostics Inc.*, Case No. 21-cv-
9011 in the Federal District Court for the Central District of California.  *See Ravgen, Inc. v. Quest
Diagnostics Inc.*, Case No. 21-cv-9011, Dkt. No. 249-2 (C.D. Cal. Aug. 17, 2022).  Since February
of this year, that trial has been set to commence on October 11, 2022, the same date for which trial
in this matter was recently rescheduled.  *Id.* at Dkt. No. 154.  The *Ravgen* trial is estimated to last 5
days.  *Id.* at Dkt. No. 151.

**B.     The Parties' Discussions Regarding the New Trial Date**

Shortly after the Court's Notice Advancing the Pretrial Conference and Trial Dates, on

- 2 -

August 8, 2022, counsel for Amazon sent an email to counsel for MasterObjects, notifying counsel for MasterObjects of the conflict that the new trial date posed for Mr. Kaba and Ms. Rayburn.  *See* Ex. A (8-08-2022 Rayburn Eml.).  The email asked whether MasterObjects would agree to a continuance of the pretrial conference and trial dates in light of the conflicts posed by the new dates.

MasterObjects did not agree.  Instead, after a series of emails exchanged between August 8, 2022 and August 11, 2022, MasterObjects proposed that the parties submit a joint filing to the Court, in which "[w]e inform the court of your issue, MO reluctance to agree to a many month open ended delay, which is inherently prejudicial to any plaintiff, and then see what the Court would like to do." Ex. B (8-11-2022 Hosie Eml.).  Amazon promptly provided a draft joint letter, setting forth its position as to Mr. Kaba's and Ms. Rayburn's conflicts, proposing multiple alternate dates for trial between now and mid-February 2023, and leaving a section open for MasterObjects.  *See* Ex. C (8-12-2022 Atkinson Eml.) at 1, 8.  In that draft letter, Amazon included the following language:

> Counsel understands that, pursuant to Civil Local Rule 40-1, trial continuances are to be sought by noticed motion, and is willing to file such a motion.  That said, based on the discussion between the parties, the closeness of the trial date, and the recency of the date change, Amazon hereby seeks the Court's guidance regarding the trial date, to allow for planning for the parties and the Court.

*Id.* at 8-9.

MasterObjects responded with its portion for the joint letter the next day, on August 12, 2022. *See id.* at 1, 9.

At that point, before submitting the draft letter to the Court, Amazon checked the availability of its intended witness for the new trial dates proposed in the draft letter. Rayburn Decl. ¶ 7.  Amazon did not want to propose new dates, only to discover a new conflict.  *Id.*  During that process, Amazon learned that, in addition to Mr. Kaba's and Ms. Rayburn's conflicts, two Amazon witnesses also had conflicts with the new trial date, as set forth above.  *Id.*  Accordingly, on August 23, 2022, Amazon sent a revised draft of the joint letter to counsel for MasterObjects, setting forth those additional conflicts as well.  *See* Ex. D.  In response to that letter, on August 24, 2022, MasterObjects took the position that it was no longer willing to submit this issue to the Court via joint letter, and invited Amazon to file a noticed motion.  *See* Ex. E.  This motion follows.

- 3 -

1    **III.    LEGAL STANDARD**

2          "The decision to grant or deny a requested continuance lies within the broad discretion of the

3    district court."  *United States v. Wills, II*, 88 F.3d 704, 711 (9th Cir. 1996) (citations omitted); *see*

4    *also United States v. 2.61 Acres of Land, More or Less, Situated in the County of Mariposa, State of*

5    *Cal.*, 891 F.2d 666, 670 (9th Cir. 1986) (same).  "[W]hen a [party] seeks to continue the dates set by

6    the court at a scheduling conference, it must first show 'good cause' for modification of the

7    scheduling order under Rule 16(b)."  *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 281

8    F.R.D. 667, 671 (C.D. Cal. 2003); *see also Zivkovik v. Southern Cal. Edison Co.*, 302 F.3d 1080,

9    1087 (9th Cir. 2002).  Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a case

10   schedule "may be modified only for good cause and with the judge's consent."

11          In considering requests for trial continuances, courts generally examine four factors: (1) the

12   moving party's diligence in preparing its case for trial; (2) usefulness of the continuance, (3)

13   inconvenience to the Court and the opposing party, and (4) prejudice to the moving party.  *See U.S.*

14   *v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985).

15   **IV.    ARGUMENT**

16          In light of Amazon's conflicts with the new trial dates, good cause exists for a short trial

17   continuance.

18          **A.    Good Cause Exists for a Short Continuance of the Pretrial Conference and Trial**
            **Dates.**
19

20          The above-stated conflicts would make it very difficult, if not impossible, for Amazon to

21   proceed to trial on the newly scheduled date.  Continuing trial—even for a short period of time—

22   would alleviate these conflicts.  For this reason, good cause exists for a short continuance of the

23   pretrial conference and trial dates, to eliminate the conflicts presented by the recent date change.

24          Amazon has been diligent in preparing for trial.  It has filed its summary judgment motions

25   and *Daubert* motions in this case, and was preparing this case for the previously scheduled October

26   17, 2022 trial date.

27          Amazon has also been diligent in presenting this issue to the Court.  As set forth above in

28   Section II.B, Amazon very quickly identified the issue to opposing counsel, and attempted to bring

- 4 -

1   this issue before the Court as quickly as possible, initially by working with opposing counsel, and

2   now by bringing this Motion.

3       **B.    MasterObjects' Arguments Against a Trial Continuance Are Unavailing.**

4       Based on its correspondence on this issue to date, MasterObjects appears to oppose the

5   proposed continuance for three reasons: (1) delay is "inherently prejudicial to any plaintiff," *see* Ex.

6   B at 1, Ex. C at 9; (2) "MasterObjects' experts and witnesses have long blocked out the trial date set

7   in this case eight months ago, as have MasterObjects' counsel," Ex. C at 9; and (3) MasterObjects

8   does not believe that Amazon's conflicts are real, *see* Ex. C at 9, Ex. E.  Amazon addresses these

9   arguments herein.

10          ***1.    A Short Delay Will Not Prejudice MasterObjects.***

11      MasterObjects argues that delay is inherently prejudicial to any plaintiff.  While that may be

12  true, MasterObjects has not identified any specific prejudice that it would suffer as a result of

13  postponing trial in this matter for the short time period that Amazon has requested.  As Amazon

14  identified to MasterObjects, Amazon proposes the following potential windows for trial:

15          -   Between November 7, 2022 and November 18, 2022;

16          -   Between January 9, 2023 and January 27, 2023;

17          -   Between February 6, 2023 and February 17, 2023; and
            -   Between February 27, 2023 and March 25, 2023.

18  *See* Ex. D at 10.  None of these dates is very far away, especially in the context of this case.

19      This case was filed in May 2020, in the Southern District of New York.  *See* ECF 1.  It was

20  transferred to this District in November 2020.  *See* ECF 83.  To the extent deadlines have been

21  extended in this case to date, those delays have been of MasterObjects' own making.  *First*, case

22  deadlines were postponed when Amazon successfully moved to transfer the case to this District,

23  because Judge Castel of the Southern District of New York determined that MasterObjects' decision

24  to file suit in New York, after having previously brought nine patent suits in this District, was "more

25  consistent with forum shopping than concerns about convenience of the parties or witnesses or docket

26  conditions."  ECF 82 at 3.  *Second*, in January of this year, the parties stipulated to a Joint Request

27  for an Order changing time, moving the trial date in this matter from May 2022 to October 17, 2022.

28

6237854

1   ECF 238 at 4.  The reason for that joint request was to adjust the case schedule to account for the fact

2   that MasterObjects had been ordered to file a *fifth* set of infringement contentions.  *Id.* at 2-3.

3          The urgency that MasterObjects now claims lacks precedent in the context of this case.

4   Indeed, MasterObjects delayed in *filing* this case.  MasterObjects has been aware of Amazon's use

5   of the accused technology since the 2011, when MasterObjects first filed suit against Amazon.  *See*

6   *generally* ECF 280.  The Patents-in-Suit issued in September 2017, June 2019, and August 2019.

7   *See* ECF 1-3 ('628 Patent), ECF 1-4 ('073 Patent), ECF 1-7 ('866 Patent).  Yet MasterObjects did

8   not initiate this lawsuit until May 2020, more than eight months after the last patent issued, and three

9   months after initiating a similar lawsuit against Facebook (Meta).  *See MasterObjects, Inc. v. Meta*

10  *Platforms, Inc.*, Case No. 21-cv-5428, Dkt. No. 1 (N.D. Cal. February 5, 2020).  Given the foregoing,

11  MasterObjects will not be prejudiced by the one-to-five month trial continuance that Amazon has

12  requested.

13          **2.      *A Limited Continuance Should Not Impact MasterObjects' Witnesess.***

14         In MasterObjects' portion of the joint letter that the parties were initially preparing in

15  response to the changed trial date, MasterObjects argued:

16              MasterObjects' experts and witnesses have long blocked out the trial date
                set in this case eight months ago, as have MasterObjects' counsel.  All have
17              made hotel and travel arrangements accordingly, including MasterObjects'
                counsel blocking a book of hotel rooms for the long-set trial.
18
19  Ex. C at 9.

20         This argument is confusing.  Even if MasterObjects has blocked off the dates surrounding the

21  previously scheduled October 17 trial, that trial has now moved forward by six days.  Necessarily,

22  MasterObjects' previous arrangements will have to change to account for a new trial date, whether

23  that new trial date is October 11 or later, as Amazon requests.

24          **3.      *Amazon's Stated Conflicts Are Legitimate.***

25         In its correspondence, MasterObjects has challenged Amazon's stated trial conflicts.  But

26  these trial conflicts are not pretense.

27         **As to Mr. Kaba**, MasterObjects argues that Mr. Kaba's conflicting trial would always have

28  rendered him unavailable for the pretrial conference in this matter, and that Mr. Kaba had no

assurance that his previously set trial would have ended before the October 17, 2022 trial date.

1   MasterObjects is correct that trial schedules—especially in state court—can be hard to predict.  But

2   Mr. Kaba believed that the long-set September 26, 2022 and October 17, 2022 trial dates for the *Don*

3   *Lee Farms* matter and this matter, respectively, were workable, although tight.  The recent trial date

4   change in this matter—which moved those two trials six days closer together—has made that

5   schedule unworkable.

6       **As to Ms. Rayburn**, MasterObjects appears to argue that she is not, in fact, co-lead trial

7   counsel in the *New Pacific Hotel v. Sonder* matter identified above, based on the fact that Ms.

8   Rayburn's name does not appear on a filing submitted in that case in June.  *See* Ex. E.  MasterObjects

9   is mistaken.  The list of counsel appearing on a June 2022 filing simply does not reflect the realities

10  of that case as it now approaches trial on October 3, 2022.  In short, the attorney who has historically

11  led that matter for Hueston Hennigan is Rajan Trehan, Counsel at Hueston Hennigan.  Rayburn Decl.

12  ¶ 4.  Earlier this year, as that case approached the trial then scheduled for June 22, 2022, Ms. Rayburn,

13  who is a Partner at Hueston Hennigan, was asked to join the case and lead the trial as Mr. Trehan had

14  another trial that posed a conflict with the Sonder matter.  *Id.*  Ms. Rayburn did so: conducting a

15  deposition, preparing trial themes and strategy, preparing her multiple direct witnesses for trial, and

16  preparing multiple cross examination outlines.  *Id.* ¶¶ 4-5, Ex. F.  Then, on June 14, 2022, only a

17  week before the scheduled trial, the San Francisco Superior Court granted Sonder's request for a

18  continuance based on Mr. Trehan's unavailability.  *Id.* ¶ 4.  At that time, Ms. Rayburn had been

19  deeply involved in trial preparations, having prepared to take that case to trial on June 22, with or

20  without Mr. Trehan.  *Id.*  She has continued with trial preparations since that date, including

21  defending an additional deposition, and she continues to serve as co-lead trial counsel for that matter.

22  *Id.* ¶¶ 4-5, Ex. F.

23      MasterObjects suggests that Ms. Rayburn created the present conflict by requesting an

24  October 4, 2022 trial date in the *New Pacific Hotel v. Sonder* matter.  *See* Ex. E.  But that trial date

25  was workable, although tight, with the October 17, 2022 then-scheduled trial date in this matter.

26  Now, with trial in this matter being rescheduled for October 11, 2022, there is only a weekend

27  between when the other matter is expected to finish and when this trial would commence.  That is

28  far less workable.

6237854

1    ***As to Mr. Hotchkies***, MasterObjects argues that "[t]rials can often inconvenience witnesses,"

2    and that Mr. Hotchkies should simply forgo his planned vacation.   Ex. E.   MasterObjects also

3    questions whether Mr. Hotchkies is an important witness.  Amazon believes so.  It was Mr. Hotckies'

4    idea to implement Autocomplete at Amazon, and he brought that vision to life in the 2007-2008 time

5    period.    As a result, Mr. Hotchkies was Amazon's 30(b)(6) witness regarding various topics.

6    Amazon believes that his testimony regarding his development of the accused instrumentalities will

7    be helpful to the jury.

8         ***As to Mr. Kunin***, MasterObjects offers to take witnesses out of order to account for the fact

9    that Mr. Kunin has another trial starting on October 11, 2022.  This proposal does not seem practical,

10    especially given the preparation time needed for any witness.  Mr. Kunin is serving the same role in

11    both cases—that of the inequitable conduct expert—and his testimony will thus likely come near the

12    end of trial for both cases.  Amazon respectfully submits that it is too burdensome to ask Mr. Kunin

13    to double-track two trials starting on the same date, in two different districts in this state.

14    **V.      CONCLUSION**

15         For the foregoing reasons, Amazon believes that there is good cause for a brief trial

16    continuance, and respectfully requests such a continuance, to any dates within the following ranges:

17    -    Between November 7, 2022 and November 18, 2022;

18    -    Between January 9, 2023 and January 27, 2023;

19    -    Between February 6, 2023 and February 17, 2023; and
     -    Between February 27, 2023 and March 25, 2023.

20    Amazon is also willing to provide additional availability, if requested.

21

22    Dated:  August 25, 2022                              HUESTON HENNIGAN LLP

23

24                                                    By:   */s/ Christina V. Rayburn*
                                                          Christina V. Rayburn
25

26                                                        Attorneys for Defendant
                                                          AMAZON.COM, INC.
27

28

6237854

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2022, a true and correct copy of the foregoing Motion to Continue Trial Date and associated exhibits were served upon counsel of record via electronic service in this matter.

*/s/ Christina V. Rayburn*

- 9 -

6237854