UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MASTEROBJECTS, INC.,

          Plaintiff,

     v.

AMAZON.COM, INC.,

          Defendant.

No.  C 20-08103 WHA

**OMNIBUS ORDER RE MOTIONS TO SEAL**

This omnibus order addresses all currently pending motions to seal for completed motion practice (Dkt. Nos. 174, 189, 199, 203, 224, 227, 230, 242, 247, 251, 264, 267, 268, 278, 279, 281, 289, 294, 296, 305, 336, 344, 345, 356, 357).

1.    THE LEGAL STANDARD.

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not).  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.   The compelling reasons standard applies to most judicial records.  Evidentiary motions such as motions *in*

United States District Court<br>Northern District of California

*limine* and *Daubert* motions can be strongly correlative to the merits of a case.  *Id.* at 1098–1100.

In addition, sealing motions filed in this district must contain a specific statement that explains:  (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient.  The material requested to be sealed must be "narrowly tailored to seal only the sealable material."  Civ. L.R. 79-5(c).  For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing.  *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).  Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information.  *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

Finally, "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard."  *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5).  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."  Civ. L.R. 79-5(c).

### 2. MOTIONS TO SEAL STEMMING FROM AMAZON'S MOTION TO STRIKE MASTEROBJECTS' INFRINGEMENT CONTENTIONS.

#### A. DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS.

Amazon moved to seal its motion to strike MasterObjects' infringement contentions and two exhibits (Dkt. No. 174).  This order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 174-4 | Defendant Amazon.com, Inc.'s | As to the highlighted | Amazon seeks to seal statements describing "proprietary and highly |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | Motion to Strike Plaintiff's Infringement Contentions | portions, sealing is **GRANTED**. | confidential software architecture and source code," including software that has been "considered and/or tested but not implemented" (Anderson Decl. ¶ 3). Amazon explains the references include nonpublic trade secrets where disclosure would "cause serious competitive consequences to Amazon's business positioning" (*ibid.*). Given the potential for competitive harm caused by the information's disclosure, sealing is warranted. |
| 174-4 | Exhibit A, Excerpts of MasterObjects' Second Supplemental Disclosure of Asserted Claims and Infringement Contentions | As to the highlighted portions, sealing is **GRANTED**. | Amazon seeks to seal portions of MasterObjects' Second Amended Infringement Contentions, including screenshots of Amazon's confidential, internal documents (Anderson Decl. ¶ 3). For the reasons provided in the previous entry, sealing is warranted. |
| 174-4 | Exhibit B, Declaration of Grant Miller | As to the highlighted portions, sealing is **GRANTED**. | Amazon seeks to seal portions of a declaration from Grant Miller, an Amazon engineer, which describes "the functionality and/or architecture of Amazon's software and source code" (Anderson Decl. ¶ 3). For the reasons provided in the previous entry, sealing is warranted. |

    **B.**    **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS.**

MasterObjects filed conditionally under seal its opposition to Amazon's motion to strike its infringement contentions and supporting documents (Dkt. No. 189). Amazon filed a filed a supporting declaration for some of the documents (Dkt. No. 192). This order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 189-4 | Opposition to Defendant Amazon.com, Inc.'s Motion to Strike Plaintiff's Infringement Contentions | Sealing as to 5:20–24, 7:27–8:26 is **GRANTED**. | Amazon seeks to seal statements "relat[ing] to Amazon's highly proprietary software—including information that Amazon maintains as trade secrets" (Anderson Decl. ¶ 3). This order agrees that public disclosure of the source code and |

3

United States District Court
Northern District of California

| | | | | |
|---|---|---|---|---|
| | | Sealing as to the rest is **DENIED**. | internal documentation may harm Amazon's competitive standing.

Amazon does not seek to seal the other proposed redactions to the document (*id.* ¶ 4).  With no justification for keeping that material confidential, it will be unsealed. | |
| 189-6 | Exhibit A, excerpt of letter from MasterObjects' counsel to Amazon's counsel | Sealing is **DENIED** up until the sentence that ends with "that Amazon produce these documents as actually maintained in its wiki."

Sealing as to the rest of the document is **GRANTED**. | Amazon's request to seal the entirety of this exhibit is overbroad and contains material that clearly does not qualify as confidential.  This order will seal the statements directly referencing Amazon's software architecture and code (Anderson Decl. ¶ 3).  Discussion of Amazon's method for technical document production does not qualify for sealing. | |
| 189-8 | Exhibit B, letter sent from MasterObjects counsel to Amazon's counsel | **DENIED**. | Amazon does not seek to seal this exhibit (Anderson Decl.).  With no justification for keeping it confidential, the exhibit will be unsealed. | |
| 189-10 | Exhibit D, excerpt from a supplemental set of Amazon's interrogatory responses | As to the highlighted portions, sealing is **GRANTED**. | Amazon seeks to seal statements referencing its software architecture and code (Anderson Decl. ¶ 3). Potential harm to Amazon's competitive standing stemming from this information's public release supports sealing. | |

### C.   PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO SUPPLEMENT THE RECORD WITH NEW FACTUAL MATERIAL ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS.

MasterObjects filed conditionally under seal its administrative motion for leave to

supplement the record with new factual material on Amazon's motion to strike its infringement

4

United States District Court
Northern District of California

contentions. (Dkt. No. 199).  Amazon filed a declaration in support of sealing some of the

documents (Dkt. No. 207).  This order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 199-4 | Plaintiff's Motion for Leave to Supplement | Sealing as to page 1:4–6 is **GRANTED**.<br><br>Sealing as to 1:10–13 is **DENIED**. | Amazon seeks to seal two statements arising from "highly confidential deposition testimony" by Amazon's 30(b)(6) witness, containing "confidential information about the structure and operation of Amazon's highly propriety software, hardware structures, and source code" (Anderson Decl. ¶ 3).  The earlier statement contains information that may qualify as trade secret information and is subject to sealing. But the latter discussion of the methods and tactics with respect to the code's production is not.  Sealing is warranted in part. |
| 199-6 | Exhibit A, Deposition Transcript of 30(b)(6) Witness | Sealing as to highlighted portions of 23:4–62:23 and 73:5–127:25 is **GRANTED**.<br><br>Sealing as to the rest is **DENIED**. | Amazon seeks to seal portions of its Rule 30(b)(6) witness's deposition transcript that discuss Amazon's trade secret software architecture and source code (Anderson Decl. ¶ 4).  This order finds disclosure of this material may cause Amazon competitive harm or disclose trade secret information.<br><br>While trade secret information is subject to sealing, a technical witness's testimony about how to define a generic term would not cause Amazon competitive harm.  That information goes to the heart of this litigation, and the public interest outweighs Amazon's interest in keeping that material sealed.  The motion to seal as to that material is **DENIED**. |

1

**D.     DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**ADMINISTRATIVE MOTION FOR LEAVE TO SUPPLEMENT THE**
**RECORD WITH NEW FACTUAL MATERIAL ON DEFENDANT'S**
**MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT**
**CONTENTIONS.**

Amazon moved to seal its opposition to MasterObjects' request to supplement the record

(Dkt. No. 203).  This order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 203-4 | Defendant's Opposition to Plaintiff's Administrative Motion for Leave to Supplement | As to the highlighted portions, sealing is **GRANTED**. | Amazon claims that the material to be sealed includes information about "proprietary server configurations and source code" (Anderson Decl. ¶ 3). Disclosure of this trade secret information, Amazon argues, could harm its competitive standing (*ibid.*). Finding the redactions narrowly tailored, this order agrees. |

**3.     MOTIONS TO SEAL STEMMING FROM AMAZON'S PRÉCIS**
**REQUEST TO FILE SECOND MOTION TO STRIKE INFRINGEMENT**
**CONTENTIONS.**

**A.     PLAINTIFF'S RESPONSE TO DEFENDANT'S PRÉCIS LETTER.**

MasterObjects filed conditionally under seal its response to Amazon's précis letter (Dkt.

No. 224).  Amazon filed a declaration in support of sealing the document (Dkt. No. 231).  This

order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 224-3 | MasterObjects' Response to Amazon's Précis Letter | As to the highlighted portions, sealing is **GRANTED**. | Amazon moves to seal information related to "source code and database structures undergirding [its] autocomplete technology" (Anderson Decl. ¶ 3).  The request is narrowly tailored.  Because disclosure of this information may harm Amazon's competitive standing and may disclose information that qualifies as a trade secret, sealing is warranted. |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.     THE DECLARATION OF THOMAS KING.**

Amazon moved to seal portions of the declaration of Thomas King, filed in response to a request for additional information regarding Amazon's précis letter (Dkt. Nos. 225, 227). This order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 227-4 | Declaration of Thomas King | As to the highlighted portions, sealing is **GRANTED**. | Amazon moves to seal information from a deposition of its engineer related to "the structure of [its] source code" and "descriptive file names of specific source code files" (Anderson Decl. ¶ 3). The request is narrowly tailored. Because disclosure of this information may harm Amazon's competitive standing and may disclose information that qualifies as a trade secret, sealing is warranted. |

**C.     PLAINTIFF'S RESPONSE TO COURT'S NOTICE AND REQUEST FOR ADDITIONAL INFORMATION.**

MasterObjects filed conditionally under seal materials it submitted in response to the Court's notice and request for additional information regarding Amazon's précis letter (Dkt. Nos. 225, 230). Amazon filed a declaration in support of sealing the documents (Dkt. No. 235). As to the sealing requests, this order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 230-4 | Exhibit A, '628 Patent Infringement Claim Chart | Sealing as to pages 8, 9, 10, 12–17, 25–31, 37, 41–43, 45–77, and 80 is **GRANTED**.<br><br>Motion to seal as to pages 44 and 78 **GRANTED IN PART** and | Amazon requests to seal information in the '628 Patent Infringement Contentions related to its autocomplete software, back-end systems, and functionality tests (Anderson Decl. ¶ 4). Amazon's request is not, however, narrowly tailored to cover only sealable material.<br><br>On page 44, While trade secret information is subject to sealing, a technical witness's testimony about how to define a generic term would |

| | | **DENIED IN PART.** | not cause Amazon competitive harm. That information goes to the heart of this litigation, and the public interest outweighs Amazon's interest in keeping that material sealed. The motion to seal as to Miller's testimony at 71:13–72:24, is **DENIED.** The motion is **GRANTED** as to the other highlighted portions of page 44.<br><br>For page 78, full portions of material primarily related to discovery issues need not be sealed when the only sealable material is internal, descriptive file names or internal terms related to the source code. The motion to seal is **GRANTED** as to the material in Section III on page 78. For Section IV on page 78, the motion to seal is **GRANTED** as to source code descriptive file names. (This decision may change should this material be included in later filings.) Otherwise, the motion is **DENIED** for the rest of the material in Section IV on page 78. |
|---|---|---|---|
| 230-6 | Exhibit B, Transcript of Grant Miller Deposition | Sealing as to the highlighted portions is **GRANTED.** | Amazon requests to seal deposition testimony from witness Grant Miller because the testimony describes Amazon's system architecture, software, and specific code files (Anderson Decl. ¶ 6). Because disclosure of this information may harm Amazon's competitive standing and may disclose information that qualifies as a trade secret, sealing is warranted. |
| 230-8 | Exhibit C, Declaration of Spencer Hosie | Sealing as to the highlighted portions is **GRANTED.** | Amazon requests to seal portions of the declaration of Spencer Hosie derived from witness testimony describing Amazon's system architecture, software, and specific code files (Anderson Decl. ¶ 7). Because disclosure of this information may harm Amazon's competitive standing and may disclose information that qualifies as a trade secret, sealing is warranted. |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**4.** **MOTIONS TO SEAL STEMMING FROM AMAZON'S PRÉCIS FOR LEAVE TO FILE MOTION FOR TERMINATING SANCTIONS.**

**A.** ***DEFENDANT'S PRÉCIS FOR LEAVE TO FILE MOTION FOR TERMINATING SANCTIONS.***

Amazon moved to seal portions of its précis for leave to file a motion for terminating sanctions (Dkt. No. 242). MasterObjects opposed (Dkt. No. 248). Amazon replied (Dkt. No. 260). This order rules as follows:

| Dkt. No. | Document to be Sealed | Result |
|---|---|---|
| 242-4 | Amazon's Précis for Leave to File Motions for Terminating Sanctions | **DENIED**. |
| | **Reasoning** | |
| | MasterObjects declined to support sealing its information Amazon conditionally lodged under seal (Dkt. No. 248), so the only disputed portion of the précis for sealing is page 2, lines 32–33. Amazon argues MasterObjects' CEO's testimony "reflects sealable confidential information . . . of Amazon's proprietary hardware systems and source code" (Anderson Decl. ¶ 4). In contrast, MasterObjects' argues that the quotation "does not constitute sensitive technical information" and is subject to disclosure (Opp. at 2). *First*, as explained fully in Section 9 below, Amazon did not move to seal the unclean hands order — the order that ultimately ruled on the dispute this filing addressed. That order was accordingly placed on the public docket, which renders this motion, as to the relevant content at issue here, moot. *Second*, notwithstanding public filing of the unclean hands order, Amazon's support for sealing this document is insufficiently broad and generic. Given the nature of the information at issue, Amazon does not adequately explain how the material would qualify as a trade secret. Furthermore, Amazon does not describe with particularity how disclosure of this fact would cause competitive harm. It merely asserts a generic statement that disclosure would "allow a competitor or other third party to understand or infer information about the inner workings of Amazon's confidential source code" (*ibid.*). Again, in context, this statement is insufficient. Amazon cites no authority indicating why this high-level information is sealable. *See Finjan, Inc. v. Sophos, Inc.*, 2015 WL 5012679, at *5 (N.D. Cal. Aug. 24, 2015) (Judge William H. Orrick). | |

**B.** ***PLAINTIFF'S RESPONSE TO DEFENDANT'S PRÉCIS FOR LEAVE TO FILE MOTION FOR TERMINATING SANCTIONS.***

MasterObjects filed conditionally under seal portions of its response to Amazon's précis for leave to file a motion for terminating sanctions (Dkt. No. 247). Amazon filed a declaration

in support of sealing (Dkt. No. 253).  MasterObjects opposed (Dkt. No. 261).<sup>*</sup>  This order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 247-4 | MasterObjects' Response to Amazon's Précis for Leave to File Motions for Terminating Sanctions | **DENIED.** | *See entry for Dkt. No. 242-4.* |

### C.    DEFENDANT'S RESPONSE TO ORDER DATED FEBRUARY 8, 2022.

Amazon filed conditionally under seal portions of its response to the order dated February 8, 2022, containing MasterObjects' information (Dkt. No. 264).  MasterObjects does not seek to keep this information under seal (Dkt. No. 274).  With no justification for keeping this material confidential, the motion is **DENIED** and the material will be unsealed.

### 5.    DEFENDANT'S RESPONSIVE CLAIM CONSTRUCTION BRIEF AND MATERIALS IN SUPPORT THEREOF.

Amazon moved to seal its responsive claim construction brief, which included material deemed confidential by both parties (Dkt. No. 251).  MasterObjects opposed all proposed sealing (Dkt. No. 253).  Because MasterObjects opposed sealing its own material, no justification exists for keeping under seal the documents containing only MasterObjects' information.  Consequently, the motion to seal as to Rayburn Declaration Exhibits BB, CC, DD, EE, FF, GG, HH, II, and QQ, is **DENIED**.  As to the remaining requests, this order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 251-3 | Amazon's Responsive Claim Construction Brief | **DENIED.** | Because MasterObjects does not seek to keep the material it had previously designated as confidential under seal, sealing as to all material highlighted in yellow is **DENIED**. |

---

<sup>*</sup> MasterObjects' docket entry for its February 10, 2022, reply (Dkt. No. 261) references the wrong underlying motion to seal.  The entry should have referenced Dkt. No. 247, not 242.

United States District Court
Northern District of California

United States District Court
Northern District of California

| | | | Next, Amazon seeks to seal the following portions of the document: p. 7, lines 5–9; p. 7, lines 23–24; p. 9, line 27 to p.10, line 2; and p. 10, line 19.  Amazon's justification for sealing here is that its claim construction arguments reveal information about its system because Amazon distinguishes the claim terms from its own system.  But it does not explain with sufficient detail how these abstract, general statements about the claim terms could reveal information that would qualify as a trade secret.  Nor does Amazon adequately explain how disclosure of this high-level information could allow a third-party to understand Amazon's system in enough detail that it would cause Amazon competitive harm (*see* Anderson Decl. ¶ 4).  Amazon's motion to seal the green highlighted portions of the document is **DENIED**. |
|---|---|---|---|

6.     **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL.**

Amazon filed conditionally under seal MasterObjects' materials in its opposition to MasterObjects' motion for disqualification (Dkt. No. 281).  MasterObjects does not seek to keep this information under seal (Dkt. No. 291).  With no justification for keeping this material confidential, the motion is **DENIED** and the material will be unsealed.

7.     **MOTION TO SEAL STEMMING FROM AMAZON'S SPOLIATION MOTION.**

A.     **DEFENDANT'S BRIEF REGARDING PLAINTIFF'S VIOLATION OF THE DISCOVERY ORDER AND SPOLIATION**

Amazon filed conditionally under seal portions of its brief regarding MasterObjects' alleged violation of the discovery order and spoliation (Dkt. No. 267).  Specifically, Amazon's brief includes information about a settlement agreement reached between MasterObjects and third-party eBay, Inc. in prior litigation (*id.* at 2).  Notably, eBay submitted a declaration in support of sealing, describing the settlement details' "commercial sensitiv[ity]" and how

11

disclosure would impact eBay's positioning in future settlement negotiations (Baker Decl. ¶ 5, Dkt. No. 276).  MasterObjects also filed a statement in support of sealing (Dkt. No. 284). Upon review, this order finds the proposed redactions narrowly tailored.  Further, the proposed redactions address specific provisions of the settlement agreement that contain sensitive terms. In light of all this, and the fact that both parties to the agreement submitted declarations in support of sealing, this order concludes that material disclosure of this material may cause eBay and/or MasterObjects competitive harm, and that the public interest in these particular redactions is relatively low.  Furthermore, no party herein has acted contrary to our local rules and hence lost its ability to petition to seal its own information.  This order rules as follows:

| Dkt. No. | Document to be Sealed | Result |
|----------|----------------------|--------|
| 267-2 | Amazon's Brief Regarding MasterObjects' Violation of Discovery Order and Spoliation | Sealing as to the highlighted portions is **GRANTED.** |
| 267-4 | Declaration of Thomas B. King | Sealing as to the highlighted portions is **GRANTED.** |
| 267-6 | Exhibit 20, Email Communications | Sealing in its entirety is **GRANTED**. |

### B.    DEFENDANT'S BRIEF REGARDING PLAINTIFF'S VIOLATION OF THE DISCOVERY ORDER AND SPOLIATION.

Amazon conditionally filed under seal MasterObjects' materials in its brief and accompanying exhibits regarding MasterObjects' violation of the discovery order and spoliation (Dkt. No. 268).  MasterObjects does not seek to keep this information under seal (Dkt. No. 285).  With no justification for keeping this material confidential, the motion is **DENIED** and Amazon's brief and Exhibits 4, 7, and 46 to the Declaration of Thomas B. King will be unsealed.

United States District Court
Northern District of California

12

**8.**   **MOTIONS TO SEAL STEMMING FROM AMAZON'S PRÉCIS REQUEST FOR LEAVE TO FILE MOTION TO STRIKE MASTEROBJECTS' FOURTH SUPPLEMENTAL INFRINGEMENT CONTENTIONS.**

**A.**   **DEFENDANT'S PRÉCIS REQUEST FOR LEAVE TO FILE MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS.**

Amazon seeks to seal portions of its précis seeking leave to file a motion to strike MasterObjects' fourth supplemental infringement contentions (Dkt. No. 289). Upon review, this order finds the narrowly tailored redaction concerns the technical structure and functionality of Amazon's autocomplete system, the public disclosure of which may cause Amazon competitive harm. Sealing as to the highlighted lines is **GRANTED**.

**B.**   **PLAINTIFF'S RESPONSE TO DEFENDANT'S PRÉCIS REQUEST.**

MasterObjects filed conditionally under seal portions in its response to Amazon's précis seeking leave to file a motion to strike MasterObjects' fourth supplemental infringement contentions, which contained Amazon's materials (Dkt. No. 294). Amazon filed a declaration in support of sealing (Dkt. No. 300). Upon review, this order finds the narrowly tailored redaction concerns the technical structure and functionality of Amazon's autocomplete system, the public disclosure of which may cause Amazon competitive harm. Sealing as to the highlighted lines is **GRANTED**.

**9.**   **MOTIONS TO SEAL STEMMING FROM AMAZON'S MOTION FOR DISMISSAL AND TERMINATING SANCTIONS DUE TO MASTEROBJECTS' UNCLEAN HANDS.**

This order turns next to the motions to seal stemming from Amazon's motion to dismiss due to MasterObjects' unclean hands (Dkt. Nos. 278, 279, 296, 305, 344, 345). This order now provides an overview of the sealing analysis for these documents.

The parties filed extensive briefing on whether material related to the unclean-hands motion should be sealed. Consequently, the merits order denying Amazon's motion was originally filed under seal so the parties could move to keep specific portions confidential prior to the order being placed on the public docket (Dkt. Nos. 359, 366). Despite the unclean hand order's extensive reference and citation to the materials filed conditionally under seal with the

United States District Court
Northern District of California

briefing, neither party moved to seal any part of the order, so it was filed on the public docket in its entirety.

This decision changed the calculus for evaluating the sealing motions previously filed with the parties' briefing. This order, of course, need not consider sealing information in the briefing that has made its way onto the public docket via the merits order. *See Nixon*, 435 U.S. at 597. While this order will consider whether certain details not explicitly referenced by the unclean hands order still merit sealing, the parties only provided general justifications that applied to all their proposed redactions. Because the parties did not differentiate beyond broad categories of information, this order has little factual basis on which to determine which details may still actually merit sealing. A district courts must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179 (citation omitted).

Overall, the motions to seal address three categories of material: (1) the parties' settlement discussions to resolve their previous litigation in 2011; (2) descriptions of Amazon's autocomplete system during the timeframe of the 2011 litigation; and (3) Amazon's third-party licensing information related to prior litigation.

*First*, for the settlement discussions, the parties have "asserted no compelling reason to seal the information" nor "made a showing that some specific harm will result from its publication." *Select Portfolio Servicing v. Valentino*, 2013 WL 1800039, at *3 (N.D. Cal. Apr. 29, 2013) (Judge Susan Illston). The settlement materials focus primarily on whether discussions are subject to confidential treatment and are otherwise devoid of specific and substantive settlement tactics, valuations, or offers. The parties have not identified any specific material for which public disclosure would result in damage to their competitive standing.

*Second*, Amazon moved to seal descriptions of the structure and functionality of its autocomplete system on the basis it constitute trade secret information and would harm Amazon's competitive standing. The unclean hands order, as explained, described the autocomplete feature as it existed in 2011, but Amazon did not move to seal that information. Those descriptions are now publicly disclosed. Furthermore, while this order and previous

14

sealing orders have sealed information detailing Amazon's autocomplete system, all the information submitted in the unclean-hands briefing related to the system as it existed in 2011. Amazon has not explained how disclosure of technical details from over a decade ago could now cause it competitive harm.  Nor has it adequately explained how broad details about the autocomplete system's structure would qualify as a trade secret, especially given that the unclean hands order disclosed the information previously identified as a trade secret. Furthermore, this order believes Amazon's initial requests to seal virtually every general description of its system overbroad and not narrowly tailored to the actual technical details that could conceivably be sealed.  This further counsels against sealing now, after the public filing of the unclean hands order.

*Third*, this order will provide particularized analyses of third-party licensing information below, but notes that the parties to the agreements have provided declarations in support of sealing, and that no party herein has acted contrary to our local rules and hence lost its ability to petition to seal its own information.

### A.   DEFENDANT'S MOTION FOR DISMISSAL AND TERMINATING SANCTIONS DUE TO PLAINTIFF'S UNCLEAN HANDS.

Amazon moved to seal its motion for dismissal and terminating sanctions due to MasterObjects' unclean hands (Dkt. No. 278).  MasterObjects opposed sealing in part (Dkt. No. 287).  In light of the now public unclean hands order as discussed above, this order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 278-4 | Amazon's Motion for Dismissal | **DENIED.** | Materials sought to be sealed were publicly disclosed in the unclean hands order, and no additional material qualifies for sealing, as discussed in the opening analysis for Section 9, *supra*. |
| 278-6 | Declaration of I. Neel Chatterjee | **DENIED.** | *See entry for Dkt No. 278-4.* |

United States District Court
Northern District of California

| 278-7 | Exhibit A to Chatterjee Decl., Settlement Communication Memo | **DENIED.** | *See entry for Dkt No. 278-4.* |
|---|---|---|---|
| 278-8 | Exhibit B to Chatterjee Decl., Email Communications | **DENIED.** | *See entry for Dkt No. 278-4.* |
| 278-9 | Exhibit 1, Transcript of Mark Smit Deposition | **DENIED.** | *See entry for Dkt No. 278-4.* |
| 278-11 | Exhibit 5, Email Communication | **DENIED.** | *See entry for Dkt No. 278-4.* |
| 278-12 | Exhibit 6, Email Communication | **DENIED.** | *See entry for Dkt No. 278-4.* |
| 278-13 | Exhibit 16, Email Communication | **DENIED.** | *See entry for Dkt No. 278-4.* |
| 278-14 | Exhibit 17, Settlement Communication Memo | **DENIED.** | *See entry for Dkt No. 278-4.* |

**B.   FURTHER SUPPORTING MATERIALS FOR DEFENDANT'S MOTION FOR DISMISSAL AND TERMINATING SANCTIONS DUE TO PLAINTIFF'S UNCLEAN HANDS.**

Amazon filed conditionally under seal its motion for dismissal and terminating sanctions containing MasterObjects' materials (Dkt. No. 279).  MasterObjects' provided a declaration to support sealing some of the material (Dkt. No. 288).   With respect to MasterObjects' materials, this order rules as follows:

| **Dkt. No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 279-3 | Amazon's Motion for Dismissal | **DENIED.** | MasterObjects' did not seek to seal this information.  With no justification for keeping this material confidential, the material will be unsealed. |
| 279-5 | Exhibit 1, Transcript of Mark Smit Deposition | **DENIED.** | *See entry for Dkt. No. 279-3.* |
| 279-7 | Exhibit 9, Transcript of Mark Smit Deposition from June 25, 2021, in *MasterObjects, Inc. v. Facebook, Inc.*, No. C. 20-0087 (W.D. Tex.) | Sealing as to pages 5:13, 22 (party name only); 71:2–3; 71:7; 72:1–7; 72:17–20; | MasterObjects seeks to seal information related to a licensing agreement with a third-party.  *First*, MasterObjects' request here is narrowly tailored and it has not otherwise misused its ability to petition on its own behalf regarding |

United States District Court
Northern District of California

| | | and 73:1–5 is **GRANTED**. | the prejudice it would suffer upon public disclosure of this information. *Second*, upon review, the redaction portions concern specific, sensitive details about the agreement itself, whereupon disclosure may cause competitive harm to both MasterObjects and the non-party licensee. *Third*, this order finds the public interest in this information relatively low compared the interests of MasterObjects and the non-party in keeping this information confidential. In sum, this order finds sealing warranting in these circumstances. |
| 279-8 | Exhibit 20, Transcript of Mark Smit Deposition from December 4, 2017, in *eBay, Inc. v. MasterObjects, Inc.*, No. IPR 2017-00740 (USPTO) | Sealing as to pages 73:13; 74:20 (party name only) is **GRANTED**. | *See entry for Dkt. No 279-7.* This order also notes that MasterObjects has sought to seal only the most critical information, as it tailored its sealing requests, in part, based on the breadth of the confidentiality provisions in the two licensing agreements at issue in this document. |

### C. PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR DISMISSAL AND TERMINATING SANCTIONS DUE TO PLAINTIFF'S UNCLEAN HANDS.

MasterObjects filed conditionally under seal its administrative motion to consider whether portions of its opposition to Amazon's motion for dismissal and terminating sanctions should be sealed, which contained Amazon's information (Dkt. No. 296). Amazon responded in partial support and identified additional portions for sealing (Dkt. No. 307). MasterObjects opposed Amazon's sealing request (Dkt. No. 309). Amazon replied (Dkt. No. 313). This order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 296-4 | MasterObjects' Opposition | **DENIED.** | Materials sought to be sealed were publicly disclosed in the unclean hands order, and no additional material qualifies for sealing, as discussed in the opening analysis for Section 9, *supra*. |

United States District Court
Northern District of California

| 296-6 | Exhibit A, Email Communications | **DENIED.** | *See entry for Dkt. No. 296-4.* |
|---|---|---|---|
| 296-8 | Exhibit B, Email Communication | **DENIED.** | *See entry for Dkt. No. 296-4.* |
| 296-10 | Exhibit C, Email Communications | **DENIED.** | *See entry for Dkt. No. 296-4.* |
| 296-12 | Exhibit D, Email Communication | **DENIED.** | *See entry for Dkt. No. 296-4.* |
| 296-14 | Exhibit E, Email Communication | **DENIED.** | *See entry for Dkt. No. 296-4.* |
| 296-16 | Exhibit F, Email Communication | **DENIED.** | *See entry for Dkt. No. 296-4.* |
| 296-18 | Exhibit G, Settlement Communication Memo | **DENIED.** | *See entry for Dkt. No. 296-4.* |
| 296-20 | Exhibit H, Settlement Communication Memo | **DENIED.** | *See entry for Dkt. No. 296-4.* |
| 296-22 | Exhibit I, Email Communications | **DENIED.** | *See entry for Dkt. No. 296-4.* |
| 296-24 | Exhibit J, Email Communications | **DENIED.** | *See entry for Dkt. No. 296-4.* |
| 296-26 | Exhibit K, Amazon Autocompletion Architecture Memo | **DENIED WITHOUT PREJUDICE.** | This memo describes in further detail aspects of the autocomplete system publicly disclosed in the unclean hands order. It provides a diagram of the system's architecture (as of 2011) and a section regarding future directions that Amazon's engineering team were considering for autocomplete. As explained in the opening analysis for Section 9, *supra*, Amazon has not provided any compelling justification for why this stale information should now be sealed. The diagram contains little more than a pictographic description of the basics of how the system works. The future directions, now over a decade old, are seemingly irrelevant now. However, in light of the detailed content in this memo, within **FOURTEEN DAYS** of the filing of this order Amazon may submit a revised sealing request that justifies sealing of any information that may still be confidential. |
| 296-28 | Exhibit N, Transcript of Mark Smit Deposition | **DENIED.** | *See entry for Dkt. No. 296-4.* |

18

| 296-30 | Declaration of William Nelson | **DENIED.** | *See entry for Dkt. No. 296-4.* |

**D.    DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR TERMINATING SANCTIONS DUE TO PLAINTIFF'S UNCLEAN HANDS.**

Amazon moved to seal portions of its reply to its motion for terminating sanctions (Dkt. No. 305).  MasterObjects opposed sealing (Dkt. No. 310).  This order rules as follows:

| **Dkt. No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 305-3 | Amazon's Reply | **DENIED.** | Materials sought to be sealed were publicly disclosed in the unclean hands order, and no additional material qualifies for sealing, as discussed in the opening analysis for Section 9, *supra*. |

**E.    DEFENDANT'S SURREPLY IN SUPPORT OF ITS MOTION FOR TERMINATING SANCTIONS DUE TO PLAINTIFF'S UNCLEAN HANDS.**

Amazon filed conditionally under seal its surreply in support of its motion for terminating sanctions (Dkt. No. 344).  MasterObjects opposed sealing (Dkt. No. 347).  This order rules as follows:

| **Dkt. No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 344-2 | Amazon's Surreply | **DENIED.** | Materials sought to be sealed were publicly disclosed in the unclean hands order, and no additional material qualifies for sealing, in the opening analysis for Section 9, *supra*. |
| 344-3 | Exhibit A, Amazon Autocompletion Architecture Memo | **DENIED WITHOUT PREJUDICE.** | *See entry for Dkt. No. 296-26.* |
| 344-4 | Exhibit B, Search Completion Design Wiki | **DENIED WITHOUT PREJUDICE.** | This technical, internal Amazon wiki entry describes the structure and functionality of Amazon's autocomplete system as of (it appears) 2009.  This is one of the documents that MasterObjects' counsel referred to in order to write up Exhibit A (Dkt. |

United States District Court
Northern District of California

| | | | No. 344-3). Accordingly, the same analysis applies. Much of the material in this document was publicly disclosed in the unclean hands order, which Amazon did not seek to seal, as discussed in the opening analysis for Section 9, *supra*. Amazon has not adequately explained how the stale details in this document from 2009 constitute trade secrets or how disclosure would harm its competitive standing. However, in light of the detailed content in this document, within **FOURTEEN DAYS** of the filing of this, order Amazon may submit a revised sealing request that justifies sealing of any information that may still be confidential. |
|---|---|---|---|
| 344-5 | Exhibit C, Email Communication | **DENIED.** | *See entry for Dkt. No. 344-2.* |
| 344-6 | Exhibit D, Email Communications | **DENIED.** | *See entry for Dkt. No. 344-2.* |
| 344-7 | Exhibit Q, Email Communication | **DENIED.** | *See entry for Dkt. No. 344-2.* |
| 344-8 | Exhibit S, Email Communications | **DENIED.** | *See entry for Dkt. No. 344-2.* |
| 344-9 | Exhibit V, Amazon Product Search Network Traffic Analysis by Mark Smit | **DENIED.** | *See entry for Dkt. No. 344-2.* |

> **F.  DEFENDANT'S SURREPLY IN SUPPORT OF ITS MOTION FOR TERMINATING SANCTIONS DUE TO DEFENDANT'S UNCLEAN HANDS.**

Amazon also filed conditionally under seal its surreply in support of its motion for terminating sanctions, which contained MasterObjects' materials (Dkt. No. 345). MasterObjects does not seek to keep this information under seal (Dkt. No. 349). With no justification for keeping this material confidential, the motion is **DENIED** as to Amazon's Surreply and Exhibits A, C, D–J, L–O, Q, and S–V.

United States District Court
Northern District of California

**10.**   **DEFENDANT'S RESPONSE TO THE SPECIAL MASTER'S DISCOVERY ORDER.**

Amazon filed conditionally under seal portions of its response containing MasterObjects' materials to the Special Master's discovery order (Dkt. No. 336).  MasterObjects does not seek to keep this information under seal (Dkt. No. 336).  With no justification for keeping this material confidential, the motion is **DENIED.**

**11.**   **MOTIONS TO SEAL STEMMING FROM THE COURT'S REQUEST FOR INFORMATION REGARDING A PROTECTIVE ORDER FOR THE 2011 LITIGATION.**

**A.**   **PLAINTIFF'S RESPONSE TO THE COURT'S REQUEST FOR INFORMATION.**

MasterObjects' filed conditionally under seal portions of its response containing Amazon's materials to the Court's request for information (Dkt. No. 356).  Amazon does not seek to keep this information under seal (Dkt. No. 363).  With no justification for keeping this material confidential, motion to seal is **DENIED**.

**B.**   **DEFENDANT'S RESPONSE TO THE COURT'S REQUEST FOR INFORMATION.**

Amazon filed conditionally under seal portions of its response containing MasterObjects' materials to the Court's request for information (Dkt. No. 357).  MasterObjects Amazon does not seek to keep this information under seal (Dkt. No. 360).  With no justification for keeping this material confidential, motion to seal is **DENIED**.

**CONCLUSION**

The administrative motions to seal are **GRANTED IN PART** and **DENIED IN PART**.  The parties shall refile all relevant documents in full compliance with this order by no later than **NOVEMBER 7, 2022**.  **IT IS SO ORDERED.**

Dated: September 5, 2022.

_____

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE