UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTEROBJECTS, INC., | |
| Plaintiff, | No. C 20-08103 WHA |
| v. | |
| AMAZON.COM, INC, | **ORDER RE SUMMARY JUDGMENT ON DOCTRINE OF EQUIVALENTS** |
| Defendant. | |

A recent order granted summary judgment of noninfringement as to all the claims-in-suit. The parties did not discuss the doctrine of equivalents in any of their briefing or at oral argument, despite the fact that the operative pleading nominally references the doctrine for all the patents-in-suit. In an abundance of caution, the summary judgment order requested statements from the parties regarding the doctrine of equivalents (Dkt. No. 415 at 17). The Court has reviewed those statements and, pursuant to Rule 56, rules as follows.

*First*, although Amazon moved for summary judgment of noninfringement generally, MasterObjects opposed only on the theory of literal infringement, thereby making no opposition based on the doctrine of equivalents. The summary judgment order's request for further statements misstated that Amazon did not move on doctrine of equivalents. Once the summary judgment motion was granted, this operated as a waiver of any theory under the doctrine of equivalents. All that is required for a summary judgment motion "is notice to the party with the burden of proof that she had to come forward with all of her evidence." *Exigent*

*Tech., Inc. v. Atrana Sols., Inc.*, 442 F.3d 1301, 1308 (Fed. Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)) (cleaned up).  MasterObjects was obliged to advance any and all of its grounds for opposition.

The moving party may prevail at summary judgment by pointing out the absence of evidence to support the nonmoving party's case on an issue for which the nonmoving party bears the burden of proof at trial.  *Celotex*, 477 U.S. at 325.  At trial, the patent owner bears the burden of producing evidence establishing infringement under the doctrine of equivalents.  The Court of Appeals for the Federal Circuit has accordingly held that, during summary judgment proceedings, where the nonmoving patentee fails to present evidence on the doctrine of equivalents, summary judgment of noninfringement may be granted in favor of the accused infringer.  *See, e.g.*, *ViaTech Techs. Inc. v. Microsoft Corp.*, 733 F. App'x 542, 552–54 (Fed. Cir. 2018); *Gen. Elec. Co. v. Nintendo Co., Ltd.*, 179 F.3d 1350, 1358–59 (Fed. Cir. 1999); *Intellicall, Inc. v. Phonometrics, Inc.*, 952 F.2d 1384, 1389 (Fed. Cir. 1992).  Because MasterObjects failed to raise any arguments or present any evidence on the doctrine of equivalents, summary judgment of noninfringement encompasses the doctrine of equivalents for the reasons discussed in the summary judgment order.

*Second*, MasterObjects cannot present evidence of infringement under the doctrine of equivalents at trial.  The Court of Appeals for the Federal Circuit has held, "when the patent holder relies on the doctrine of equivalents, as opposed to literal infringement, the difficulties and complexities of the doctrine require that evidence be presented to the jury or other fact-finder through the particularized testimony of a person of ordinary skill in the art, typically a qualified expert, who (on a limitation-by-limitation basis) describes the claim limitations and establishes that those skilled in the art would recognize the equivalents." *AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1329 (Fed. Cir. 2007).  As the summary judgment order stated, this action involves complex technology and MasterObjects' Expert Peck did not offer an opinion under Amazon's proposed cache construction, which the summary judgment order adopted in relevant part.  MasterObjects has also stated it would only use retained experts to prove infringement at trial (Dkt. Nos. 381-12; 415 at 16).

2

Because Expert Peck provided no permissible testimony on the cache limitations and hence cannot testify on the doctrine of equivalents, MasterObjects cannot demonstrate infringement at trial. MasterObjects says that Expert Peck did offer an opinion on doctrine of equivalents. But it does not dispute he provided no opinion on the doctrine of equivalents pursuant to the claim construction adopted by the summary judgment order (Dkt. No. 418 at 2). While MasterObjects contends that Expert Peck's opinions need not specifically delineate between literal infringement and the doctrine of equivalents, evidence and argument regarding the doctrine of equivalents "cannot be merely subsumed in plaintiff's case of literal infringement." *ViaTech*, 733 F. App'x at 553 (quotation omitted).

MasterObjects also could not establish infringement via the doctrine of equivalents based on examinations of Amazon's fact witnesses, who would not be able to compare Amazon's product to the claimed system like a person of ordinary skill in the art. Nor could MasterObjects rely on its own fact witnesses, such as Mr. Smit, who would not be able to compare the claimed system to Amazon's system like a person of ordinary skill in the art. *See AquaTex*, 479 F.3d at 1329. Because MasterObjects cannot prove infringement under the doctrine of equivalents, summary judgment of noninfringement is appropriate on this basis as well.

In sum, the prior summary judgment order sought further statements from the parties regarding the doctrine of equivalents in order to ensure an adequate record at the summary judgment stage. Upon review of those statements, the prior summary judgment order that granted summary judgment as to literal infringement should have simply granted summary judgment to Amazon on any and all infringement theories. This order now makes clear that the prior order granting summary judgment includes summary judgment of noninfringement as to the doctrine of equivalents. Separate judgment will follow. The final pretrial conference and trial are accordingly VACATED. **IT IS SO ORDERED.**

Dated: September 22, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE