UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MASTEROBJECTS, INC.,

    Plaintiff,

v.

AMAZON.COM, INC,

    Defendant.

No. C 20-08103 WHA

**OMNIBUS ORDER RE MOTIONS TO SEAL**

    This omnibus order addresses all remaining administrative motions to seal (Dkt. Nos. 372, 380, 384, 388, 391, 393, 406, 413, 417, 420).

    There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The compelling reasons standard applies to most judicial records. Evidentiary motions, such as motions *in limine* and *Daubert* motions, can be strongly correlative to the merits of a case. *Id.* at 1098–1100.

In addition, sealing motions filed in this district must contain a specific statement that explains: (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient. The material requested to be sealed must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c). For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

Finally, "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c).

1. **AMAZON'S MOTION FOR SUMMARY JUDGMENT.**

The motions to seal filed in relation to Amazon's motion for summary judgment principally address general, technical information regarding Amazon's system (the accused instrumentality). As an initial matter, this information goes to the heart of the case, so there is a strong presumption of public interest. Furthermore, at the hearing on this motion, Amazon publicly disclosed the same information it seeks to keep under seal. This order, of course, need not entertain sealing information in the briefing that Amazon itself later publicly disseminated in open court. *See Nixon*, 435 U.S. at 597. While this order will consider whether certain material or details that were not explicitly disclosed could nevertheless merit sealing, Amazon itself has not differentiated between general descriptions of its systems (that have already been

2

publicly disclosed) and those other details in its sealing motions.  A district court must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179 (citation omitted).

With this in mind, regarding Amazon's motion for summary judgment and related briefing and exhibits, this order rules as follows:

| **Dkt. No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 372-4 | MasterObjects' Précis in Response to Amazon's Précis Request to File a Summary Judgment Motion | **DENIED.** | Amazon seeks to seal general descriptions of its system that it already publicly disclosed, as explained above.  Amazon provides only boilerplate justifications for sealing and does not adequately identify any potential trade secrets.  Amazon cites the presence of source code when none is present in the document. |
| 380-2 | Amazon's Motion for Summary Judgment | **DENIED.** | Amazon seeks to seal dispositive summary judgment briefing that goes to the heart of this case, so there is a particularly strong public interest (as explained above).  Amazon asserts in a declaration that it takes "significant" steps to protect the secrecy of all the information it seeks to redact, but Amazon publicly disclosed such information at oral argument.  Amazon also does not adequately explain how disclosure of this relatively high-level information regarding its system could result in competitive harm.  Amazon does not identify any trade secrets or how any of the information contained in the document would qualify as trade secrets. |
| 380-4 | Miller Declaration | **DENIED.** | Amazon seeks to seal general descriptions of its system that it already publicly disclosed.  Amazon does not adequately explain how disclosure of this high-level information could cause it competitive harm.  For the reasons stated in the introduction above, the public interest outweighs the speculative interest in confidentiality here. |

3

| | | | |
|---|---|---|---|
| 380-6 | Expert Report of John Peck | **DENIED WITHOUT PREJUDICE.** | Amazon's request is overbroad and contains non-sealable material that goes to the heart of this litigation. However, in light of the detailed content in this document, within **FOURTEEN DAYS** of the filing of this order, Amazon may submit a revised request that justifies sealing of any information that may still be confidential. |
| 380-8 | Transcript of Deposition of John Peck | **GRANTED IN PART** and **DENIED IN PART.** | Amazon's request is granted as to the names of classes in Amazon's source code at page 10, lines 3 and 5. There is little public interest in the names themselves for the purpose of this motion practice. Otherwise, it is denied. *See entry for Dkt. No. 380-4.* |
| 380-10 | Smedley Declaration | **DENIED WITHOUT PREJUDICE.** | *See entry for Dkt. No. 380-6.* In light of the detailed content in this document, within **FOURTEEN DAYS** of the filing of this order, Amazon may submit a revised request that justifies sealing of any information that may still be confidential. |
| 380-12 | Expert Report of Don Turnbull | **DENIED.** | *See entry for Dkt. No. 380-4.* |
| 380-14 | Amazon Diagram | **DENIED.** | *See entry for Dkt. No. 380-4.* |
| 384-3 | MasterObjects' Opposition to Amazon's Summary Judgment Motion | **DENIED.** | *See entry for Dkt. No. 380-2.* |
| 384-4 | Transcript of Deposition of John Peck | **DENIED.** | *See entry for Dkt. No. 380-4.* |
| 384-5 | Expert Report of Don Turnbull | **DENIED.** | *See entry for Dkt. No. 380-4.* |
| 384-6 | Transcript of Deposition of Grant Miller | **DENIED.** | *See entry for Dkt. No. 380-4.* |
| 384-7 | Expert Report of John Peck | **DENIED.** | *See entry for Dkt. No. 380-4.* In addition to general descriptions of its system that it already publicly disclosed, Amazon seeks to seal information "Sent in Full View Over the Public Internet Lines." Amazon does not adequately explain how disclosure of this information could cause it competitive harm. |
| 384-8 | Email Correspondence | **DENIED.** | MasterObjects filed this material conditionally under seal, but Amazon |

4

| | | | does not seek to keep it confidential (Dkt. No. 387).  With no justification, the motion as to this material is denied. |
|---|---|---|---|
| 384-9 | Email Correspondence | **DENIED.** | *See entry for Dkt. No. 384-8.* |
| 384-10 | Email Correspondence | **DENIED.** | *See entry for Dkt. No. 384-8.* |
| 384-11 | Email Correspondence | **DENIED.** | *See entry for Dkt. No. 384-8.* |
| 384-12 | Excerpt of Deposition of Mark Smit | **DENIED.** | *See entry for Dkt. No. 384-8.* |
| 388-2 | Amazon's Reply in Support of its Motion for Summary Judgment | **DENIED.** | *See entry for Dkt. No. 380-2.* |
| 388-4 | Transcript of Deposition of John Peck | **DENIED.** | *See entry for Dkt. No. 380-4.* |
| 388-6 | Expert Report of Don Turnbull | **DENIED.** | *See entry for Dkt. No. 380-4.* |
| 388-8 | MasterObjects' Infringement Contentions | **DENIED.** | Amazon has since requested to seal material from a longer version of this document and did not request redaction of language it requested to redact here.  *See entry for Dkt. No. 417-2.*  The motion as to this material is therefore denied. |

2.   **AMAZON'S MOTION TO STRIKE EXPERT LATHAM'S OPINION.**

Regarding Amazon's motion to strike Expert Latham's opinion and related briefing and exhibits, this order rules as follows:

| **Dkt. No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 391-1 | N/A | **GRANTED.** | No ruling was made on this motion prior to termination of the litigation, so the public interest in this material is de minimis. |
| 391-3 | | | |
| 391-5 | | | |
| 391-7 | | | |
| 391-9 | | | |
| 391-11 | | | |
| 391-13 | | | |
| 391-15 | | | |
| 391-17 | | | |
| 391-19 | | | |
| 391-21 | | | |

5

| | | | |
|---|---|---|---|
| 391-23 | | | |
| 391-25 | | | |
| 391-27 | | | |
| 391-29 | | | |
| 391-31 | | | |
| 393-2 | | | |
| 393-4 | | | |
| 393-6 | | | |
| 393-8 | | | |
| 393-10 | | | |
| 393-12 | | | |
| 393-14 | | | |
| 393-16 | | | |
| 393-18 | | | |
| 393-20 | | | |
| 393-22 | | | |
| 406-4 | | | |
| 406-5 | | | |
| 406-6 | | | |
| 406-7 | | | |
| 406-8 | | | |
| 406-9 | | | |
| 406-10 | | | |
| 406-11 | | | |
| 406-12 | | | |
| 406-13 | | | |
| 413-1 | | | |
| 413-3 | | | |
| 413-5 | | | |

3.  **SUPPLEMENTAL DOCUMENTS REGARDING SUMMARY JUDGMENT.**

Regarding the supplemental filings made by the parties regarding summary judgment, this order rules as follows:

| Dkt. No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 417-2 | MasterObjects' Infringement Contentions | **GRANTED.** | Amazon seeks to seal detailed, technical information from this document. This includes source code, descriptive file names of specific source code files, and descriptive file paths, public disclosure of which could cause Amazon competitive harm. The request is adequately tailored, but the analysis may |

| | | | |
|---|---|---|---|
| | | | be different with respect to some material should it be filed in a different context. |
| 420-4 | MasterObjects' Statement | **DENIED.** | MasterObjects filed this material conditionally under seal, but Amazon does not seek to keep it confidential (Dkt. No. 424).  With no justification, the motion as to this material is denied. |
| 420-5 | MasterObjects' Infringement Contentions | **DENIED.** | *See entry for Dkt. No. 420-4.* |
| 420-6 | Expert Report of John Peck | **DENIED.** | *See entry for Dkt. No. 420-4.* |
| 420-7 | Wiki Documentation | **GRANTED.** | Amazon's request is narrowly tailored, and public disclosure of this detailed, technical information could cause it competitive harm. |
| 420-8 | Expert Report of Don Turnbull | **GRANTED.** | *See entry for Dkt. No. 420-7.* |
| 420-9 | Transcript of Deposition of Grant Miller | **DENIED.** | *See entry for Dkt. No. 420-4.* |
| 420-10 | Wiki Documentation | **GRANTED.** | *See entry for Dkt. No. 420-7.* |
| 420-11 | Transcript of Deposition of Marc Delingat | **DENIED.** | *See entry for Dkt. No. 420-4.* |
| 420-12 | Wiki Documentation | **DENIED.** | *See entry for Dkt. No. 420-4.* |
| 420-13 | Transcript of Deposition of John Peck | **DENIED.** | *See entry for Dkt. No. 420-4.* |

## CONCLUSION

In sum, the motions are **GRANTED IN PART** and **DENIED IN PART**.  With respect to two entries (Dkt. Nos. 380-6, 380-10), Amazon may submit a revised request that justifies sealing any information that may still be confidential within **FOURTEEN DAYS**.  All other documents shall be refiled in full compliance with this order no later than **APRIL 10, 2023, at 12:00 P.M.**

**IT IS SO ORDERED.**

Dated: January 11, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7