United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTEROBJECTS, INC., | |
| Plaintiff, | No. C 20-08103 WHA |
| v. | |
| AMAZON.COM, INC., | **ORDER GRANTING RENEWED MOTION TO SEAL** |
| Defendant. | |

In an omnibus order granting in part and denying in part various motions to seal, the Court denied without prejudice a motion to seal filed as to two documents (Dkt. No. 441). Recognizing that the documents were detailed but that defendant's requests to seal were overbroad, the omnibus order allowed defendant fourteen days to submit revised requests to justify sealing any information still confidential in the documents. Defendant timely filed a revised request to seal information and renewed its motion to seal with respect to one of the two documents, the declaration of Trevor Smedley. This declaration was submitted in connection with defendant's motion for summary judgment and concerns the source code defendant made available for inspection of its autocomplete technology for digital searches.

Discussion of the standard for sealing in this district can be found in the omnibus order. Briefly here, there is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City &*

*Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. "The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has minimal interest in the information. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

According to defendant, it now only seeks to seal source code file names, class names, method names, file paths, and line numbers, public disclosure of which could cause it competitive harm (King Decl. ¶ 4). Defendant further contends that there is no legitimate public interest in the names and folder structures themselves (*ibid.*). This order finds that there is minimal public interest in the names and folder structures themselves for the purpose of this motion practice. Meanwhile, the far greater public interest in how autocomplete works is satisfied for the purpose of this motion practice by Smedley's descriptions of the roles of the files, classes, and methods, as well as the relationships between them, which defendant no longer seeks to seal. Defendant's request is adequately tailored, but the analysis could be different with respect to some material should it be filed in a different context.

The renewed motion to seal is **GRANTED**. Defendant shall file this document in compliance with this order, with other documents in compliance with the omnibus order, no later than **APRIL 10, 2023, at 12:00 P.M.**

**IT IS SO ORDERED.**

Dated: February 2, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2